■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GLYNN SPRATT, Appellant.—Weiss, J. Appeal from a judgment of the County Court of Albany County (Harris, J.), rendered March 28, 1986, which revoked defendant's probation and imposed a sentence of imprisonment.

In January 1985, defendant was placed on five years' probation following his conviction for driving while intoxicated, a class E felony (Vehicle and Traffic Law § 1192 [3], [5]). In February 1986, defendant was charged with violating the terms of probation as the result of two additional arrests for driving while intoxicated. Pursuant to a negotiated bargain, defendant pleaded guilty to the probation violation charge and was resentenced to a term of 1 to 3 years' imprisonment.

The sole issue on appeal concerns the severity of the sentence. Focusing on his alcoholism, his work history and family responsibilities, defendant urges that we reduce the sentence as unduly harsh. We decline to do so. Defendant's alcoholism cannot minimize the severity of having twice violated the terms of probation within a short period of time (see, People v Trevor QQ., 123 AD2d 465). In our view, County Court properly exercised its discretion by imposing a sentence within the terms of the plea bargain and the statutory guidelines (see, Penal Law § 70.00; People v Donnelly, 103 AD2d 941). We observe that County Court specifically directed that defendant be placed in a facility within the Department of Correctional Services that provides a full range of alcohol rehabilitation services.

Judgment affirmed. Kane, J. P., Main, Casey, Weiss and Levine, JJ., concur.