■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERTO ORTIZ, Also Known as ROBERTO MARTINO, Appellant. —Judgment, Supreme Court, New York County (Edward Davidowitz, J., at *Mapp/Wade* hearing; Joseph Cerbone, J., at *Sandoval* hearing, jury trial and sentence), rendered April 22,

1988, which convicted defendant of robbery in the first degree, and sentenced him to an indeterminate term of imprisonment of from 12½ to 25 years, unanimously affirmed.

Although defendant's prior manslaughter conviction was 16 years old, the *Sandoval* court did not abuse its discretion in permitting the People to elicit, if defendant took the stand, solely that defendant had been convicted of a felony *(People v Ricks,* 135 AD2d 844). Remoteness alone does not require preclusion for impeachment purposes, particularly where, as here, defendant spent eight of those years in prison *(supra,* at 845; *People v Scott,* 118 AD2d 881, 882, *lv denied* 67 NY2d 1056). Furthermore, the *Sandoval* court utilized a compromise in precluding inquiry into the nature of the manslaughter conviction, which would have revealed that defendant intentionally shot his victim over a dispute. Defendant's claim that he was denied effective assistance of counsel is conclusory and without factual support in the record. His remaining "claims" have been considered, to the extent preserved, and deemed meritless.

We note that evidence of defendant's guilt was overwhelming. Concur—Kupferman, J. P., Milonas, Kassal and Ellerin, JJ.