■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ASA SMITH, Appellant.—Judgment, Supreme Court, New York County (Edwin Torres, J.), rendered June 7, 1989, which, after a jury trial, convicted defendant of attempted burglary in the second degree and possession of burglar's tools and which sentenced defendant to concurrent terms of imprisonment of 3½ to 7 years and one year, respectively, is unanimously affirmed.

Two police officers arrested defendant on the fifth floor of a multiple dwelling when they observed him attempting to jimmy open an apartment door. In the course of the arrest the officers recovered two metal strips from or near defendant's person.

At trial the People presented the testimony of the two officers, the occupant of an adjacent apartment, and sought to call an expert from the police safe, lock and truck squad to testify that the metal strips were picklock implements, and therefore burglar's tools. After an offer of proof by the prosecutor, it developed that the expert was not then available. Apparently as a matter of efficient courtroom management, inasmuch as defendant had made known his wish to testify on his own behalf, the court directed defendant, over his counsel's objection, to proceed with his testimony without requiring the People to rest. The People's expert was subsequently permitted to testify thereafter.

We agree with the conclusion of the trial court that this modest departure from the normal order of trial set out in CPL 260.30 (much of which is cast in permissive rather than mandatory terms) did not, in view of disclosure to defendant, prior to his becoming a witness, of the content of the expert's proposed testimony, either tactically disadvantage defendant or deprive him of a fair trial. The CPL framework delineating the order of trial does not foreclose the trial court's exercise of its common-law power to vary the order of proof " 'in its discretion and in furtherance of justice' " *(People v Olsen,* 34

NY2d 349, 353, quoting *People v Benham,* 160 NY 402, 437), a power which "remains at least up to the time the case is submitted to the jury". *(Supra,* at 353.)

Although defendant cites *Brooks v Tennessee* (406 US 605) in support of reversal and a new trial, nothing of the magnitude of the problem arising in that case is presented here. In *Brooks* a majority of the United States Supreme Court held that a Tennessee statute, which compelled the defendant in a criminal trial to be the first witness for the defense (if he chose to be a witness at all), constituted an impermissible invasion of defense counsel's right to control the presentation of his client's case, and an unconstitutional deprivation "of the 'guiding hand of counsel' in the timing of this critical element of his defense." *(Supra,* at 612-613.) No such result occurred here.

The prosecutor's summation contained remarks of a bolstering nature but was directly responsive to the summation by defense counsel which charged the police witnesses as liars *(see, People v Galloway,* 54 NY2d 396), and did not deprive defendant of his right to a fair trial. Furthermore, since defendant elected to introduce affirmative exculpatory evidence to the effect that he was innocently visiting a friend in the building, his failure to call that material witness was properly placed before the jury. *(See, People v De Jesus,* 42 NY2d 519, 525.) Concur—Ross, J. P., Rosenberger, Ellerin, Wallach and Rubin, JJ.