■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BALBINO CUADRADO, Appellant.—Judgment, Supreme Court, New York County (James Leff, J.), rendered March 21, 1988, convicting defendant after a jury trial of robbery in the second

degree and unlawful imprisonment in the second degree, and sentencing him to an indeterminate term of imprisonment of eight years to life and a concurrent definite term of one year, unanimously affirmed.

Defendant was convicted of robbing the operator of an escort service. Prior to trial the court ruled that the prosecutor could cross-examine defendant about his four prior felony convictions, dismissing the objection that the first, dating from 1977, was too old. Following the prosecutor's direct case and at the request of counsel, the court clarified its earlier ruling. The court said that the prosecutor could inquire into the nature of the prior convictions, two of which were based on pleas to attempted robbery and robbery, but not the underlying facts. The court limited proof of defendant's period of incarceration to the fact that prison terms were imposed.

Defendant now claims that the court abused its discretion, urging that the similarity between the prior robberies and this case warranted a *Sandoval* compromise *(see, People v Hicks,* 88 AD2d 519). Defendant argues that the trial court failed to weigh the prejudicial impact that his complete criminal record would have had on the jury. We find no merit to defendant's claims. The court did balance the factors which included the fact that defendant had been incarcerated during most of the ten year period. In any event, defendant made no attempt to satisfy his burden, that limiting cross-examination to the fact that defendant had a number of prior convictions was more appropriate in the circumstances presented. *(People v Sandoval,* 34 NY2d 371, 378.)

Defendant also fails to establish that the prosecutor's summation warrants a reversal. Defendant's claims are unpreserved or meritless, and all of them fail to take into account the tenor of counsel's summation.

We have also examined the arguments in defendant's *pro se* supplemental brief and have found them unpreserved or lacking in merit. Concur—Milonas, J. P., Kupferman, Asch, Kassal and Smith, JJ.