■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIE OWENS, Appellant.—Appeal from a judgment of the County Court of Chemung County (Castellino, J.), rendered October 13, 1990, convicting defendant upon his plea of guilty of the crime of criminal sale of a controlled substance in the third degree.

Claiming that County Court failed to take into consideration his rehabilitative needs when it sentenced him to a prison term of 4 to 12 years, defendant requests this court to modify the sentence in the interest of justice. The sentence imposed was not only authorized by law, but within the range that County Court promised at the time defendant entered his guilty plea (see, People v Spratt, 135 AD2d 983, lv denied 71 NY2d 903). Defendant was informed by the court that, upon pleading guilty to a class B felony, he could receive a prison sentence with a maximum term of 25 years. Furthermore, another charge was dropped as a result of the plea agreement. Under these circumstances and given defendant's criminal background, we cannot say that County Court abused its

discretion in imposing sentence *(see, People v Mackey,* 136 AD2d 780, *lv denied* 71 NY2d 899; *People v Gray,* 131 AD2d 590).

Casey, J. P., Weiss, Yesawich Jr., Mercure and Harvey, JJ., concur. Ordered that the judgment is affirmed.