■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RODNEY STRINGFELLOW, Appellant.—Judgment, Supreme Court, New York County (Robert Haft, J.), rendered October 18, 1989, convicting defendant after a jury trial of criminal possession of a weapon in the third degree and petit larceny and sentencing him, as a predicate felony offender, to concurrent prison terms of from three and one-half to seven years and a definite one-year term, respectively, unanimously affirmed.

Defendant was stopped by a security guard at Conran's a home furnishing store as he was about to exit the store carrying merchandise he had not paid for. When the security guard attempted to search defendant's shoulder bag, defendant drew a knife and threatened to kill the security guard unless the security guard would permit him to leave. Following a scuffle, the defendant was disarmed.

Defendant argues the court improperly refused to charge justification as a defense to the third degree weapons count, in view of defendant's testimony that he used the knife merely to "bluff" or intimidate the security guard into allowing him to depart the store's premises. This claim lacks merit as no reasonable view of the evidence supports such a charge.

Defendant's request, made after summations, that the court charge attempted petit larceny as a lesser included offense, was untimely *(see,* CPL 300.10 [4]). Moreover, no reasonable view of the evidence would support a finding defendant committed the lesser offense but not the greater. *(People v Glover,* 57 NY2d 61.) The fact that defendant was caught with the merchandise before he actually exited the store does not suggest that defendant was guilty only of attempted larceny. Larceny is complete when the defendant exercises dominion and control over the item which is wholly inconsistent with the rights of the owner. *(People v Olivo,* 52 NY2d 309.)

Finally, the trial court's *Sandoval* ruling permitting the prosecutor to cross examine defendant on a thirteen year old felony conviction, was not an abuse of discretion. The age of the conviction in and of itself does not preclude the prosecutor from using it to cross examine the defendant, particularly in the instant case where the court permitted inquiry into only one of defendant's two prior felony convictions and three of twenty-five misdemeanors, without reference to the underlying facts *(People v Yeaden,* 156 AD2d 208, *lv denied* 75 NY2d 872).* Concur—Milonas, J. P., Ellerin, Kupferman, Ross and Rubin, JJ.