■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDMOND ZILLINGER, Appellant

The *Sandoval* ruling, permitting the People limited inquiry into defendant's 18, 14 and 12 year-old convictions, if he took the stand, was not an abuse of discretion, since defendant had been incarcerated during that period for approximately 13 years, and the *Sandoval* compromise utilized by the court prohibited inquiry into the underlying facts or even mention of the specific crimes committed *(People v Ortiz,* 156 AD2d 197, 198, *lv denied* 76 NY2d 740; *People v Cuadrado,* 171 AD2d 556). "The age of the conviction in and of itself does not preclude the prosecutor from using it to cross examine the defendant," particularly where the court utilizes a *Sandoval* compromise *(People v Stringfellow,* 176 AD2d 447, 448). Moreover, the question of remoteness was not preserved.

It was not error for the trial court, *sua sponte,* to preclude defense counsel from commenting upon the People's failure to call the occupants of the apartment who complainant encountered in the building elevator after the robbery. Although a missing witness charge is not a predicate to such a summation argument, materiality is *(People v Perez,* 159 AD2d 219, 220, *lv denied* 76 NY2d 740; *People v Smith,* 166 AD2d 385, 386, *lv granted* 77 NY2d 844). The record does not show that the uncalled witnesses observed defendant or the weapon used, or otherwise possessed relevant or material evidence. Concur—Sullivan, J. P., Carro, Milonas, Asch and Rubin, JJ.