■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN B. BROOKS, Appellant.—Appeal from a judgment of the County Court of Chemung County (Castellino, J.), rendered November 20, 1990, convicting defendant upon his plea of guilty of the crime of criminal possession of a controlled substance in the second degree.

Upon pleading guilty to criminal possession of a controlled substance in the second degree, defendant was sentenced as a second felony offender to a term of imprisonment of seven years to life. Defendant's only contention on appeal is that his

history of drug dependence, his attendance in a drug rehabilitation program and his cooperation with drug enforcement officials regarding on-going drug investigations constituted extraordinary circumstances warranting a reduction in his sentence. We disagree. First, defendant derived a benefit by being allowed to plead guilty to a reduced charge, which carried with it a more lenient sentence (compare, Penal Law § 70.00 [3] [a] [i], with Penal Law § 70.06 [4] [a]). In addition, the sentence imposed was within the range promised at the time defendant entered his guilty plea (see, People v Spratt, 135 AD2d 983, lv denied 71 NY2d 903). Finally, it has been held that a person's drug problem does not constitute extraordinary circumstances warranting a reduction in one's sentence (see, People v Honsinger, 162 AD2d 877, 878, lv denied 76 NY2d 894; People v Mackey, 136 AD2d 780, 781, lv denied 71 NY2d 899).

Mikoll, J. P., Yesawich Jr., Mercure, Crew III and Casey, JJ., concur. Ordered that the judgment is affirmed.

■ F & K Supply, Inc., Doing Business as Fowler & Keith Supply Company, Respondent, v Balbec Corporation et al., Appellants.—Appeal from an order of the Supreme Court (Torraca, J.), entered March 1, 1991 in Ulster County, which conditionally granted defendants' motion to set aside a default judgment entered against them.

The sole issue before us is defendants' contention that Supreme Court abused its discretion by conditioning the opening of their default upon the posting of a bond even though their default was allegedly not willful or intentional. A court, however, is not so bound and, as we have noted, Supreme Court has "the discretion to grant the relief requested on such terms and conditions which it deem[s] fair under the circumstances * * * including the imposition of an undertaking" (Rubin v Payne, 103 AD2d 946, appeal dismissed 64 NY2d 754). Furthermore, insofar as defendants here do not claim that they are financially unable to post the undertaking or that it would deny them their day in court (see, supra), there are no grounds for a finding that Supreme Court abused its discretion. The parties' arguments concerning the merit of the underlying case are irrelevant given that the propriety of vacating the default in the first place is not at issue on this appeal.

Mercure, J. P., Crew III, Mahoney, Casey and Harvey, JJ., concur. Ordered that the order is affirmed, with costs.

■ Kirshon, Shron, Cornell & Teitelbaum, P. C., Respon-