■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT TEEN, Appellant. [606 NYS2d 922] —Mikoll, J. P. Appeal from a judgment of the County Court of Ulster County (Vogt, J.), rendered January 24, 1992, upon a verdict convicting defendant of the crimes of burglary in the third degree and criminal mischief in the third degree.

On May 17, 1991, shortly after 2:30 A.M., police officers responding to an audible burglary alarm from a pharmacy were hailed by a young woman who told them that she had observed a white male get up from the ground in front of the burglarized pharmacy. She gave a description and the route he followed from the pharmacy. The police left and apprehended defendant, who matched the witness's description. They returned defendant to a corner near the scene where the witness observed him seated in the rear of the police car in handcuffs and identified him as the man she had seen outside the pharmacy. Defendant was thereafter indicted for and convicted of burglary in the third degree and criminal mischief in the third degree. Defendant's pretrial motion to suppress evidence was denied. Defendant was sentenced as a second felony offender to concurrent prison terms of 3½ to 7 years on the burglary conviction and 1½ to 3 years on the criminal mischief conviction.

Defendant's contention that County Court erred in its prospective ruling allowing the prosecutor to question him concerning certain convictions *(see, People v Sandoval,* 34 NY2d 371), and that he was thereby deprived of his right to testify, is without merit. County Court ruled that defendant could be cross-examined as to whether he had been convicted (1) in 1979 for criminal possession of stolen property, (2) in 1979 of a

felony (an attempted burglary—but not on the underlying facts), (3) in 1982 of criminal possession of stolen property in the third degree, (4) in 1984 of criminal possession of a forged instrument in the second degree (but not as to the underlying facts), and (5) in 1984 of a drug related offense (not contested on this appeal). County Court also ruled defendant could be asked whether his various arrests violated the terms of his parole and regarding his past drug addiction to demonstrate motive. Although some of these convictions were over 10 years old, " '[t]he age of conviction in and of itself does not preclude the prosecutor from using it to cross examine the defendant,' particularly where the court utilizes a *Sandoval* compromise" *(People v Zillinger,* 179 AD2d 382, *lv denied* 79 NY2d 955, quoting *People v Stringfellow,* 176 AD2d 447, 448; *see, People v Alhadi,* 151 AD2d 873, 874, *lv denied* 74 NY2d 804) and where, as in this case, defendant was incarcerated a portion of those years *(see, People v Ortiz,* 156 AD2d 197, 198, *lv denied* 76 NY2d 739, 740; *People v Damon,* 150 AD2d 479, 480, *lv denied* 74 NY2d 738). Further, the theft-related offenses clearly go to credibility *(see, People v Hemingway,* 152 AD2d 818, 820, *lv denied* 74 NY2d 810; *People v Ashley,* 145 AD2d 782, 782-783). Questioning defendant as to his alleged prior drug addiction indicates a disposition to place his self-interest ahead of society's interests *(see, People v Duffy,* 36 NY2d 258, 262). Inquiry as to defendant's alleged parole violations also indicates defendant's willingness to place his own interests above those of society. Thus, defendant has failed to demonstrate that County Court abused its discretion or deprived him of a fair trial in its *Sandoval* rulings.

Defendant's next contention, that County Court erroneously failed to instruct the jury on how they should evaluate the identification testimony received at trial, is rejected. This error was not preserved for appellate review by an objection to the charge as given or a request to charge *(see, People v Moore,* 159 AD2d 521, 523; *see also, People v Thomas,* 50 NY2d 467). Moreover, County Court adequately advised the jurors on the identification issue in its general instructions on weighing credibility and in its charge on defendant's alibi defense, which emphasized that the People had the burden of proving both that defendant committed the crimes and was at the scene of the crime beyond a reasonable doubt *(see, People v Whalen,* 59 NY2d 273, 279). In addition to the witness's identification testimony, circumstantial evidence strongly connected defendant to the crimes *(see, People v Smith,* 100 AD2d 857, 858, *lv denied* 62 NY2d 810).

Defendant's argument that County Court erroneously refused to suppress identification testimony because it allegedly was made under unduly suggestive circumstances is not persuasive. Crime scene showups are permissible when conducted in close proximity in time and place to the crime *(see, People v Duuvon,* 77 NY2d 541, 544-546). The two arresting officers testified that either seven to eight or five minutes passed between the time that the witness gave them a description of the perpetrator and the time that defendant was identified by the witness on the street *(see, People v Brnja,* 50 NY2d 366, 372; *People v Gray,* 169 AD2d 477; *People v Robles,* 169 AD2d 595, *lv denied* 77 NY2d 966). The fact that defendant was in handcuffs and being placed in a police car at the time of the identification, a practice not favored *(see, People v Duuvon, supra,* at 545), does not invalidate the identification *(see, People v Hunt,* 187 AD2d 981, 982, *lv denied* 81 NY2d 887; *People v Jenkins,* 175 AD2d 648, 649, *lv denied* 78 NY2d 1012; *People v Muhammad,* 159 AD2d 266, 267, *lv denied* 76 NY2d 740; *People v Cooper,* 152 AD2d 939, *lv denied* 74 NY2d 846).

Defendant's claim that the sentence imposed is unduly harsh and excessive is also not persuasive. The sentence is within the statutory parameters and defendant has not demonstrated the existence of extraordinary circumstances warranting a reduction in sentence. Substance abuse is not an extraordinary circumstance *(see, People v Brooks,* 182 AD2d 910, 911).

Mercure, Crew III, Casey and Yesawich Jr., JJ., concur. Ordered that the judgment is affirmed.