■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TERRENCE JUDD, Appellant. [623 NYS2d 855] —Judgment, Supreme Court, New York County (Rena Uviller, J.), rendered May 21, 1992, convicting defendant, after jury trial, of assault in the third degree, and sentencing him to a term of 3 years probation, unanimously affirmed.

While the prosecutor's question on the People's direct case regarding the demeanor of a defense witness who had given a written statement may be viewed as "anticipatory rebuttal", defendant did not preserve his current claim of error by objection (CPL 470.05). In any event, the question addressed the issue of coercion offered initially during defendant's opening statement and pursued during trial, and some departure from statutory guidelines from the order of proof is permitted in the court's discretion *(see, People v Smith,* 166 AD2d 385, 385-386, *affd* 79 NY2d 779).

Contrary to defendant's argument raised for the first time on appeal, testimony of a Parks Department Advisor regarding Enforcement Officer training, based on statute and regulation, did not constitute improper expert testimony that determined any ultimate issue of fact. Rather, the jury was instructed that the testimony was admitted for limited state of mind purposes, and that instruction on the law would come solely from the court, and it is presumed that the jury understood and followed those instructions *(People v Davis,* 58 NY2d 1102).

Defendant did not preserve by objection his current claim of prosecutorial misconduct in cross-examination of a defense witness regarding that witness' knowledge of a "code of silence" in connection with credibility issues (CPL 470.05). In any event, the trial court appropriately exercised its discre-

tion in permitting some questioning on the issue and then directing the prosecutor to move on to another area *(People v Sorge,* 301 NY 198). Additionally, the court sustained proper objections to the prosecutor's questioning of the witness regarding his knowledge of the Grand Jury indictment and charges against defendant and gave prompt curative instructions, repeated in the main charge, that an indictment represents a mere accusation and has no bearing on the issue of guilt or innocence. It is presumed that the jury understood and followed those instructions *(People v Davis, supra).*

When appropriate objections to the prosecutor's summation comments were made, they were sustained by the trial court, with proper curative instructions that presumably were understood and followed *(supra).* In any event, in light of the overwhelming evidence against defendant, it is clear that the jury's determination was based on the evidence, rather than on summation comments that the trial court repeatedly instructed constituted mere argument and not evidence *(see, People v Rodriguez,* 103 AD2d 121). Concur—Murphy, P. J., Sullivan, Kupferman, Asch and Mazzarelli, JJ.