■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GLADYS CASTRO, Appellant. [633 NYS2d 495] —Judgment, Supreme Court, New York County (Allen Alpert, J.), rendered

May 19, 1994, convicting defendant, after a jury trial, of two counts of assault in the second degree, and sentencing her to consecutive terms of $1^{1}/_{2}$ to $4^{1}/_{2}$ years, unanimously affirmed.

The totality of the record reveals that defendant received meaningful representation at trial (*People v Baldi*, 54 NY2d 137). Although defense counsel did not present a child abuse expert or an orthopedic surgeon at trial, counsel consulted with two pediatricians prior to trial and thoroughly cross-examined the People's child abuse expert. For obviously strategic reasons, counsel chose not to seek to admit into evidence a report by the Child Welfare Agency containing information that was more damaging than helpful to the defense (*compare, People v Rojas*, 213 AD2d 56).

The trial court properly sustained the People's objection to defense counsel's summation comment that the People did not call the father of one of the child victims to the stand because he would not support their position. The witness's potential testimony was not material. We also note counsel had specifically declined to request a missing witness charge after the People indicated that they were prepared to put the witness on the stand if necessary (*see, People v Zillinger*, 179 AD2d 382, *lv denied* 79 NY2d 955).

Defendant's complaints about the court's marshalling of the circumstantial evidence and its supplemental charges are unpreserved (CPL 470.05), and in any event without merit.

We discern no abuse of discretion by the sentencing court in the imposition of consecutive terms of incarceration in light of the severity of the injuries inflicted upon the two children who, on different dates, were left in defendant's care. Concur—Rosenberger, J. P., Ellerin, Rubin, Asch and Nardelli, JJ.