People v Hernandez (2025 NY Slip Op 03656)

People v Hernandez

2025 NY Slip Op 03656

Decided on June 17, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 17, 2025

Before: Manzanet-Daniels, J.P., Webber, Kapnick, Higgitt, Michael, JJ. 

Ind. No. 2635/16|Appeal No. 4591|Case No. 2019-03413|

[*1]The People of the State of New York, Respondent,
v
Hector Hernandez, Defendant-Appellant.

Twyla Carter, The Legal Aid Society, New York (Steven J. Miraglia of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Cynthia A. Carlson of counsel), for respondent.

Judgment, Supreme Court, Bronx County (James McCarty, J.), rendered April 30, 2019, convicting defendant, after a jury trial, of manslaughter in the second degree, and sentencing him to a term of 4½ to 13½ years, unanimously affirmed.
The verdict was based on legally sufficient evidence and was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]; see also People v Baque, 43 NY3d 26 [2024]). We find no basis to disturb the jury's credibility determinations. The testimony from two eyewitnesses, who and knew the parties involved, provided an ample basis for the jury to conclude that defendant was the individual who stabbed the victim once in the chest.
Defendant's current contention that the stabbing described by the witnesses was only consistent with murder with intent to kill and not reckless manslaughter is unpreserved, and we decline to consider it in the interest of justice. As an alternative holding, we find that the jury had an ample basis to convict defendant of manslaughter in the second degree, as it could be readily inferred from defendant's actions and the surrounding circumstances that he recklessly caused the victim's death by stabbing him in the manner described (see Penal Law §§ 15.05[3], 125.15[1]; People v Haney, 85 AD3d 816 [2d Dept 2011], lv denied 17 NY3d 859 [2011]; People v Smith, 251 AD2d 50 [1st Dept 1998], lv denied 92 NY2d 882 [1998]; People v Navarette, 131 AD2d 326, 329 [1st Dept 1987], lv denied 70 NY2d 705 [1987]; cf. People v Rivera, 23 NY3d 112, 124 [2014]; People v Stanford, 87 AD3d 1367, 1368 [4th Dept 2011], lv denied 18 NY3d 886 [2012]).
Defendant's challenge to the prosecutor's comments on the evidence in their summation is unpreserved (see People v Romero, 7 NY3d 911, 912 [2006]), and we decline to consider it in the interest of justice. As an alternative holding, we find no basis for reversal (see People v D'Alessandro, 184 AD2d 114, 118-119 [1st Dept 1992], lv denied 81 NY2d 884 [1993]; People v Judd, 213 AD2d 218, 219 [1st Dept 1995], lv denied 86 NY2d 737 [1995]).
We perceive no basis to reduce defendant's sentence.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 17, 2025