■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY DRUMMOND, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Lagana, J.), rendered March 15, 1985, convicting him of robbery in the second degree and grand larceny in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is reversed, on the law, that branch of the defendant's motion which was to suppress the identification testimony is granted to the extent that the lineup identification is suppressed, and a new trial is ordered; the facts have been considered and are determined to be established.

Contrary to the defendant's assertion, the evidence in this case was legally sufficient to support his conviction *(see, People v Malizia,* 62 NY2d 755, *cert denied* 469 US 932; *People v Contes,* 60 NY2d 620). The mere fact that the defendant presented an alibi did not render the prosecution's case legally insufficient. Furthermore, upon the exercise of our factual review power, we find that the evidence established the defendant's guilt beyond a reasonable doubt and that the verdict was not against the weight of the evidence *(see,* CPL 470.15 [5]). The assessment of the credibility of the witnesses at trial was primarily for the jury *(see, People v Jeffries,* 125 AD2d 412, *lv denied* 69 NY2d 882), and nothing in this record warrants disturbing its resolution of those issues.

Nevertheless, we are constrained to reverse on the ground that the police improperly precluded the defendant's attorney from attending the lineup. Although a suspect is not entitled to counsel at a lineup held before the initiation of formal judicial proceedings, an attorney who is present and available may not be excluded from the lineup proceedings *(see, People v Hawkins,* 55 NY 474, 487).

The police have no obligation to notify counsel or to suspend the proceedings for counsel to be present if "the delay would result in significant inconvenience to the witnesses or would undermine the substantial advantages of a prompt identification confrontation" *(People v Hawkins, supra,* at 487). In this case, however, the attorney was at the precinct while the lineup was being conducted, and the police were aware of his

presence. Indeed, the police permitted the attorney to participate in setting up the lineup but excluded him while the robbery victim viewed it. Obviously, allowing the attorney to be present would not have caused any delay. Accordingly, the trial court erred in refusing to suppress the lineup identification testimony on the ground that the defendant's right to counsel was violated.

The erroneous admission of the lineup identification testimony cannot be deemed harmless beyond a reasonable doubt because the evidence of guilt was not overwhelming *(see, People v Crimmins,* 36 NY2d 230, 237; *People v Smith,* 120 AD2d 118, 120, *lv denied* 69 NY2d 750).

We have reviewed the defendant's remaining contentions and find them to be without merit. Niehoff, J. P., Weinstein, Kunzeman and Spatt, JJ., concur.