■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS DUKE, Appellant.—Judgment, Supreme Court, Bronx County (Silverman, J., at *Wade* hearing; Wittner, J., at trial and sentence), rendered May 15, 1991, convicting defendant after a jury trial of robbery in the first degree, and sentencing him to an indeterminate term of 2⅓ to 7 years imprisonment, unanimously affirmed.

Defendant was convicted of the daytime armed robbery of a Bronx service station. The complainant had a close-up view of defendant, wrote down the license plate number of defendant's car as defendant fled, and provided a complete description of the car, and of defendant, to police. Based on the license plate number, police traced the car to a Yonkers

residence. The residence was placed under surveillance. Defendant, who matched the description of the perpetrator, was observed in the car at that location. The registered owner of the car was defendant's stepfather. Defendant was thereafter identified in a lineup by the complainant.

We defer to the findings of the court at the *Wade* hearing *(People v Prochilo,* 41 NY2d 759, 761), which credited the testimony of the People's witnesses. We have previously noted that defendant does not have a right to have participants in a lineup who are identical to him and the minor variations in height and weight of the participants herein do not render the lineup unduly suggestive *(People v Rudolph,* 161 AD2d 115, *lv denied* 76 NY2d 795).

We do not find the dangers inherent in *People v Robinson* (100 AD2d 945), in which twelve days had elapsed after the hearing was closed before additional probable cause evidence was adduced. Rather, the evidentiary predicate for identification at trial was not deficient, and it was adduced before the hearing was formally closed.

Nor do we find it error for the trial court to have precluded introduction of a photograph of defendant's family members. Under the circumstances, the similarity, or lack thereof, between defendant and another family member was a collateral issue *(see, People v Johnson,* 61 NY2d 932, 933-934), without a basis in independent evidence supporting defendant's theory that it was another member of the family who was the perpetrator *(People v Cruz,* 144 AD2d 686, *lv denied* 73 NY2d 854).

Nor do we find error in the court's ruling which precluded the jury from taking notes. There are risks inherent in notetaking by jurors. We find no abuse in the trial court's sound exercise of discretion in not allowing the jury to take notes *(People v DiLuca,* 85 AD2d 439, 441-442). Concur—Sullivan, J. P., Rosenberger, Ellerin, Asch and Rubin, JJ.