■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CLIFFORD GRAHAM, Appellant. [633 NYS2d 498] —Appeal by the

defendant from a judgment of the Supreme Court, Queens County (Flug, J.), rendered September 15, 1993, convicting him of murder in the second degree (two counts), robbery in the first degree, attempted robbery in the first degree, and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Eng, J.), of those branches of the defendant's omnibus motion which were to suppress statements made by him to law enforcement authorities and identification testimony.

Ordered that the judgment is affirmed.

The defendant's argument that his statements to the police should have been suppressed turns on issues of credibility. It is well settled that issues of credibility are primarily to be determined by the hearing court, whose determination is entitled to great weight on appeal (see, People v Hamilton, 138 AD2d 625; People v Gagne, 129 AD2d 808). The hearing court, in denying suppression of the defendant's inculpatory statements, resolved the issues of credibility in favor of the People and the finding that the defendant made a knowing, intelligent, and voluntary waiver of his rights is supported by the evidence (see, Miranda v Arizona, 384 US 436; Bram v United States, 168 US 532; CPL 60.45). As the record supports the determinations by the hearing court, there is no basis to disturb them on appeal (see, People v Gagne, supra).

Similarly, the defendant's contention that the lineup procedure was defective because he was the only one with his distinctive type of haircut does not require reversal. The law does not require that lineup fillers have the identical physical characteristics as the defendant, and the potentially suggestive nature of the lineup was appropriately removed by requiring all of the lineup participants to wear hats (see, People v Meatley, 162 AD2d 721; cf., People v Berry, 201 AD2d 489).

Finally, the trial court did not err when it refused to instruct the jury on renunciation. To warrant a charge of renunciation, it must be established by the defendant that he withdrew from participation in the offense prior to the commission thereof and made a substantial effort to prevent its commission (see, Penal Law § 40.10; People v Ozarowski, 38 NY2d 481). There is no evidence in the record which would support a theory of renunciation. Bracken, J. P., Santucci, Joy and Friedmann, JJ., concur.