■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BENJAMIN WILLIAMS, Appellant. [641 NYS2d 306] —Judgment, Supreme Court, New York County (Edward McLaughlin, J.), rendered February 24, 1993, convicting defendant, after a jury trial, intentional murder in the second degree (three counts), of felony murder in the second degree (three counts), and criminal possession of a weapon in the second degree, and sentencing him to three consecutive terms of 25 years to life to run concurrently to concurrent terms of 25 years to life (three times) and $7^1/_2$ years to life, respectively, unanimously affirmed.

Defendant was not denied his right to counsel even though at the moment of viewing by each of two witnesses, his attorney was not allowed into a viewing room that was too small to accommodate anyone other than the witness and the officer conducting the lineup. Defendant's attorney was effectively permitted to perform the functions of counsel where he approved the lineup and the placing of the defendant and where the witnesses, in his presence, were told not to speak until outside the viewing room and in his presence, and, standing right outside the viewing room, the door to which was left partially open, he would be able to hear if anything was said (*compare, People v Andriani*, 67 AD2d 20, 23; *People v Drummond*, 134 AD2d 276). Furthermore, the record does not contain any objection by counsel at the lineup that he could hear or see into the viewing room. Moreover, aside from the lineup evidence, other proof of defendant's identity was overwhelming (*see, People v Adams*, 53 NY2d 241, 252). Concur—Sullivan, J. P., Ellerin, Rubin, Ross and Nardelli, JJ.