■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIE FRANK NELSON, Appellant. [652 NYS2d 168] —Judgment unanimously modified on the law and as modified affirmed and new trial granted on count six of indictment in accordance with the following Memorandum: Defendant appeals from a judgment convicting him after a jury trial of rape in the first degree, sodomy in the first degree, robbery in the second degree, kidnapping in the second degree, assault in the second degree and grand larceny in the fourth degree. Defendant contends that County Court erred in denying his motion to suppress evidence of the victim's pretrial lineup identification on the ground that defendant was denied his right to counsel at the lineup. Defense counsel participated in setting up the lineup, but was not allowed to enter the viewing room when the lineup was conducted. When defense counsel asked to enter the room, the officer left the door open one or two inches, thus preventing defense counsel from adequately observing the lineup. Because defense counsel was not allowed to enter the viewing room, which was large enough to accommodate him, defendant was denied his right to counsel (*see, People v Drummond*, 134 AD2d 276; *see also, People v Brinson*, 186 AD2d 1063; *cf., People v Williams*, 227 AD2d 134).

Nevertheless, the error in failing to suppress the victim's identification of defendant is harmless; the proof of guilt is overwhelming and there is no reasonable possibility that the error might have contributed to the conviction (*see, People v Crimmins*, 36 NY2d 230, 240-241). Two fingerprints of defendant were found on the victim's car. At trial, the victim identified the sweater that her attacker was wearing, and defendant's girlfriend, from whose home the sweater was recovered, testified that defendant was wearing that sweater on the evening in question. The victim identified a photograph of defendant from among over 288 photographs of individuals who matched her description of the attacker, and testimony concerning that identification was received at trial without objection. Lastly, defendant's girlfriend testified that, although she had been with defendant during the evening in question, she was not with him at the time that the crime was committed. Under the circumstances, any error in failing to suppress the results of the lineup procedure is harmless beyond a reasonable doubt (*see, People v Diaz*, 138 AD2d 728, 729, *lv denied* 72 NY2d 858; *see also, People v Fluitt*, 80 NY2d 949; *People v Harris*, 80 NY2d 796).

Defendant's conviction of kidnapping in the second degree is, however, precluded by the merger doctrine (*see, People v Cassidy*, 40 NY2d 763, 767-768; *cf., People v Gonzalez*, 80 NY2d 146, 153). In addition, defendant's conviction of assault in the second degree must be reversed because we cannot determine whether the jury considered robbery or rape as the predicate felony of the assault (*see, People v Martinez*, 83 NY2d 26, 32, *cert denied* 511 US 1137). The court instructed the jury that it could convict defendant of assault in the second degree if it found that physical injury was caused during the commission of "robbery and/or rape" or in immediate flight therefrom. The People concede that, if robbery were the predicate felony, the assault conviction would have to be dismissed because assault is a lesser included offense of the robbery charged in this case (*see, People v Brinson*, 216 AD2d 900, 901, *lv denied* 87 NY2d 844).

We therefore modify the judgment by reversing defendant's conviction of kidnapping in the second degree, vacating the sentence imposed thereon, and dismissing the fifth count of the indictment. We further modify the judgment by reversing defendant's conviction of assault in the second degree and vacating the sentence imposed thereon, and we grant a new trial on the sixth count of the indictment. (Appeal from Judgment of Monroe County Court, Bristol, J.—Rape, 1st Degree.) Present—Denman, P. J., Fallon, Wesley, Balio and Davis, JJ.