■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NORMAN LEWIS, Appellant. [652 NYS2d 268] —Judgment, Supreme Court, New York County (Harold Rothwax, J.), rendered September 29, 1993, convicting defendant, after a jury trial, of robbery in the first degree, and sentencing him, as a second felony offender, to a term of 10 to 20 years, unanimously affirmed.

At a lineup to which the right to counsel had attached, counsel was unavailable, and defendant was instead "represented" by a lay investigator. Even if we were to assume that

under the unusual circumstances of this case the lay investigator was defendant's representative for constitutional purposes at the lineup, we would nevertheless reject defendant's argument that the investigator was improperly excluded from a critical portion of the lineup. During the lineup, and in the presence of defendant's representative, the witness stated that number two, a person other than defendant, looked like the person that had robbed him. Shortly after the lineup was concluded, and in the absence of defendant's representative, the witness spontaneously advised the police that participant number one (defendant) had robbed him, but on a different occasion. In fact, the detective conducting the lineup had, at the time of the lineup, asked the witness if he could recognize anyone from a February holdup rather than the April 1992 holdup at issue here. Contrary to defendant's present argument, the police were under no obligation to silence the witness until the representative could be retrieved. The fact that the moment of identification occurred outside the presence of defendant's representative does not render the identification constitutionally invalid since the critical stage requiring participation of counsel was during the actual confrontation when the representative was indeed present (*see*, *United States v Tolliver*, 569 F2d 724, 728). Concur—Sullivan, J. P., Milonas, Rosenberger, Nardelli and Mazzarelli, JJ.