OPINION OF THE COURT
Leon Ruchelsman, J.
The defendant is charged with two counts of murder in the second degree (Penal Law § 125.25 [1], [2]), criminal possession of a weapon in the second degree (Penal Law § 265.03) and criminal possession of a weapon in the third degree (Penal Law § 265.02 [4]). These charges arose from the murder of Anthony *61 Sanders in Kings County. The defendant made a motion to suppress identification testimony the People seek to introduce at trial. A Wade hearing was held before this court on June 5, 1997 and Detective Avery Howard testified for the People. The defense called no witnesses. This court finds the detective’s testimony credible to the extent indicated. After reviewing the arguments of both parties this court makes the following determination.
FINDINGS OF FACT
In the early morning hours of September 15, 1995 the defendant and the victim Anthony Sanders were observed entering the stairwell of an apartment building located at 456 DeKalb Avenue. A few moments later gunshots were heard and the defendant was then seen running from the apartment building. Tara Leech, the victim’s girlfriend, Cooley Sanders, the victim’s brother, William Dickerson and Anthony Johnson were witnesses to these events.
On September 16, 1995, Tara Leech identified the defendant from a photo array, which was subsequently lost by Detective Howard. The defendant was apprehended approximately two months later and on November 10, 1995, Leech, Dickerson and Sanders picked the defendant out of a lineup. The defendant’s attorney was present at the precinct while the lineup was conducted. However, the attorney was not permitted to be in the viewing room with the witnesses because those witnesses were afraid of retaliation, specifically, that the attorney would relate to the defendant who had identified him. Following this lineup, the defendant was placed under arrest.
On November 12, 1995 Rita Sanders, the victim’s mother and Anthony Johnson, another witness, viewed a second photo array and identified the defendant. The defendant now moves to suppress all of the identification evidence on various Sixth Amendment grounds.
CONCLUSIONS OF LAW
A defendant has a constitutional right to have counsel present while he is the subject of a corporeal lineup, once judicial proceedings have commenced (Kirby v Illinois, 406 US 682 [1972]; People v Blake, 35 NY2d 331 [1974]). Moreover, a defendant has a right to counsel prior to the commencement of proceedings where his attorney is present at the precinct while the lineup is taking place (People v Drummond, 134 AD2d 276 [2d Dept 1987]).
*62 In this case, the defendant’s lawyer was excluded from the viewing room. Thus, a clear constitutional violation occurred (People v Drummond, supra). This Sixth Amendment violation cannot be mitigated simply because the attorney was excluded for the alleged safety of the witnesses. Therefore, the People will be barred from introducing the lineup at trial.
Moreover, the People have failed to establish by clear and convincing evidence that Leech or the other two witnesses had an independent source for identifying the defendant which would permit the defendant to be identified in court (People v Pittman, 159 AD2d 594 [2d Dept 1990], lv denied 76 NY2d 794). Thus, Leech will not be permitted to make an in-court identification of the defendant as this would constitute fruit of an illegal lineup.
Though the first photo array was lost and, therefore, presumptively suggestive (People v Bratton, 133 AD2d 408 [2d Dept 1987]), this court does not have to reach a determination as to whether that presumption was rebutted with sufficient evidence which would permit an in-court identification (People v Bratton, supra). Even if the photo array would be found proper and free from police suggestibility, an in-court identification cannot be permitted in this case. After Leech viewed the array, she then viewed a tainted lineup. Without proof of an independent source, the court cannot ascertain whether Leech’s in-court identification would be based on the photo array which she viewed or the tainted lineup. The possibility exists that her in-court identification might be impermissibly bolstered since she viewed the defendant at the tainted lineup. Therefore, Leech will be precluded from identifying the defendant in court.
The People contend that Leech should be permitted to identify the defendant in court because the lineup was only suppressed due to a Sixth Amendment violation and not because of any improper police conduct. This argument emphasizes that the suppression of the lineup was narrowly attributed to a violation of the defendant’s right to counsel and not a Fourteenth Amendment due process violation (People v Drummond, supra).The People claim that although the defendant’s counsel was absent at the lineup, Detective Howard specifically testified that the lineup was free of any improper police conduct. The fillers which comprised the lineup resembled the defendant in age, weight, height, skin color and race (People v Stokes, 156 AD2d 401 [2d Dept 1989], lv denied 75 NY2d 925; People v Simmonds, 182 AD2d 650 [2d Dept 1992], lv denied 80 *63 NY2d 910; People v Sease, 155 AD2d 391 [1st Dept 1989], lv denied 75 NY2d 818). Moreover, the detective testified that he required all the fillers and the defendant to wear hats because the detective could not locate adequate fillers to match the defendant’s unique hairstyle (People v Graham, 220 AD2d 768 [2d Dept 1995]).
It is evident then that the detective took appropriate steps to ensure the fairness of the lineup procedure. Indeed, the photographs of the lineup demonstrate the detective’s diligence to present suitable fillers. Therefore, the People argue that the court should consider the issue whether the photo array shown to Leech can overcome the presumption of suggestiveness and then permit her to identify the defendant in court. This in-court identification should be permitted despite the lack of an independent source which would serve to nullify the taint of the improper lineup. The tainted lineup and lack of independent source should not bar the in-court identification — the argument follows — because the lineup taint was the result of a Sixth Amendment violation which had no relevance to the suggestibility of the procedure itself. As previously explained, the lineup satisfied all of the defendant’s due process concerns. Therefore, the People urge that an in-court identification should not be excluded because of the subsequently tainted lineup since that taint did not impede the witness from identifying the defendant. That taint merely infringed on a right of the defendant which could not have harmed the fairness or propriety of the lineup.
This argument fails because it does not appreciate the results which must follow when a lineup is tainted. In People v Dodt (61 NY2d 408 [1984]), the Court of Appeals considered whether a lineup which followed an arrest without probable cause could be introduced at trial to identify the defendant. The Court concluded that a Fourth Amendment violation had occurred, specifically an arrest without probable cause. Therefore, any subsequent police conduct would be illegal fruit of that violation and, hence, tainted. The Court considered it irrelevant that the actual lineup was conducted in a fair and proper manner. The lineup was a direct result (fruit) of illegal police conduct. Permitting the lineup to be introduced at trial would eviscerate the rule excluding illegally obtained material. In Dodt, the illegal police conduct was of a Fourth Amendment dimension. That violation rendered all subsequent fruit inadmissible whether they be evidence, confessions or identifications.
*64 In this case, the lineup was tainted because of a Sixth Amendment violation. Likewise, this taint renders all subsequent conduct as illegal fruit and inadmissible at trial. As Dodt (supra) explained, the nature of the violation is of no moment. Any constitutional violation renders all subsequent police conduct as fruit of illegal activity. The contention that a Sixth Amendment violation is less harmful and not as constitutionally infirm as a due process violation is without merit. Thus, even though the lineup was conducted after the array, it cannot be ignored in assessing the permissibility of an in-court identification. The taint will render all identifications, without proof of an independent source, as illegal fruit. Therefore, under no circumstances could Leech be permitted to make an in-court identification in this case without evidence of an independent source. Since no such evidence was introduced, any in-court identification would be the fruit of illegal police conduct. Thus, Leech will not be permitted to identify the defendant in court.
However, the photo array which was shown to Rita Sanders and Anthony Johnson was not unduly suggestive. This court is satisfied that all of the pictures were similar to the defendant in skin color and facial features (People v Ruiz, 162 AD2d 637 [2d Dept 1990]). There is no requirement that all of the photographs have virtually identical characteristics and features (People v Duke, 181 AD2d 442 [1st Dept 1992]). While that photo array may not be introduced in evidence (People v Griffin, 29 NY2d 91 [1971]), Sanders and Johnson will be permitted to identify the defendant in court. Therefore, the defendant’s motion is granted in regard to the first array and the lineup and is denied in regard to the second array.