OPINION OF THE COURT
Michael A. Gary, J.
QUESTION PRESENTED
Is a defendant’s right to counsel at a court-ordered lineup violated when the attorney sends his private investigator in *464 his place and the private investigator is excluded from the lineup procedure?
FACTS
The following findings of fact were made pursuant to a Wade/Rodriguez independent source hearing.[1]
In November 1997 the Kings County District Attorney’s office moved by way of an order to show cause to have Gerald Griffin participate in a lineup regarding a homicide that had occurred in April of that year. The defendant was incarcerated on an unrelated matter in the Brooklyn House of Detention. Defendant’s retained counsel, a solo practitioner, was served with the papers and represented his client at the hearing in the Miscellaneous Motion Part of Kings County Supreme Court. That court issued an order requiring the defendant to participate in a lineup to be held at the 73rd Precinct in Brooklyn on December 4, 1997 at 5:00 p.m. and further ordered the defendant’s counsel to attend the lineup proceedings on that date or any other date agreeable to the People and defense counsel. No mention was made in the court’s order of any private investigator or any other agent of the attorney.
It is undisputed that the day before the lineup was to be held, defense counsel called the detective assigned to the homicide investigation, who was going to conduct the lineup. Defense counsel advised the detective that he, defense counsel, would not be attending the lineup but he planned to send a private investigator as his representative. (Defendant and counsel both affirmed on the record that they had discussed this plan before the lineup and defendant consented to it.) The detective voiced no objection to this proposal. Indeed, the day of the lineup, the detective called defense counsel’s office, spoke to the private investigator personally and they confirmed the time for the lineup to be conducted.
Defense counsel’s private investigator arrived at the precinct at the agreed-upon time of 5:00 p.m. on December 4, the next day. The same detective with whom he had spoken, gave the investigator an opportunity to speak to the defendant before the lineup and to go into the room when the fillers arrived. The private investigator was allowed to take photos after the fillers and defendant were seated and to obtain from the fillers their heights and weights.
*465 Four witnesses viewed the lineup between 7:35 p.m. and 7:41 p.m. During this period the private investigator was seated in the hallway 6 to 10 feet away from the door of the viewing room. The detective admitted in his testimony that he never advised the private investigator to come into the viewing room when any of the four witnesses were there but merely advised the private investigator some time afterwards that the lineup was finished. He also admitted that he completed a standard lineup report form in which he noted that defendant’s attorney was “present” for the lineup.
This court credited the testimony of defendant’s private investigator, a former police officer and retired senior court officer, that he had viewed a lineup in his capacity as an investigator on 10 prior occasions and had never before been excluded from the viewing room, and that in this instance he had been told to wait outside the lineup room, and when ready, someone would come to get him to view the lineup. He was told by a lieutenant working with the assigned detective that the lineup was over. When he asked the lieutenant why he was not notified, the lieutenant said “it’s not the procedure. I told him that, well, I’m representing the attorney. He said the only one who would be allowed in would be the attorney”. (Hearing transcript, at 99, line 25; at 100, lines 2-4.) The court notes that the assigned detective testified that this was the first lineup he personally conducted; that it was indeed being supervised by the lieutenant and that the detective was not present when the lieutenant spoke to the investigator. The People did not call the lieutenant to testify at the hearing.
LEGAL DISCUSSION
The right to counsel for lineup purposes normally does not attach prior to the commencement of formal proceedings. (People v Hawkins, 55 NY2d 474.) However, where, as in this case, the defendant’s presence at the lineup was secured by a court order granted after a hearing at which the defendant was represented by his counsel, defendant’s right to counsel at the lineup is obvious. (People v Hawkins, supra, at 487; People v LaClere, 76 NY2d 670.) However, neither the parties’ nor this court’s research has disclosed any case law on whether the right to counsel is violated by the exclusion of the person designated to appear in lieu of the attorney.[2]
*466 The People argue that no violation of the right to counsel occurred inasmuch as the investigator clearly is not a licensed attorney. Further the People argue that if this court were to sanction counsel’s use of a private investigator here it would give rise to an incompetence of counsel claim on appeal in that the defendant was entitled to have his attorney represent his interests at the lineup, not a nonlawyer.
This argument is not persuasive for three reasons. First, as previously noted, this court found at the hearing that the defendant consented to the substitution of his attorney by the private investigator. Second, the very nature of the role of the attorney at a lineup is such that it does not require any legal skills whatsoever. As the Court of Appeals noted in Hawkins, “during a lineup, counsel plays the relatively passive role of an observer” (supra, at 485 [citation omitted]).
Finally, there are sound strategic and pragmatic considerations for defense counsel to send a representative to observe the lineup. If he or she were to witness something that could possibly taint the lineup, counsel would then become a witness at the Wade hearing and would ethically be bound to recuse himself. (See, Code of Professional Responsibility DR 5-101 [B] [22 NYCRR 1200.20 (b)]; DR 5-102 [22 NYCRR 1200.21].) In this very case, even though counsel was not present at the lineup, the People served a subpoena on him to testify regarding the arrangement he made for the private investigator to attend the lineup. The calamitous ramifications to the defendant of his attorney becoming a witness in his case need only be touched upon. Obviously, the defendant would be forced to choose between sacrificing his chosen attorney or sacrificing an opportunity to suppress evidence.
The defense counsel argues that he detrimentally relied on his conversation with the assigned detective about sending his private investigator, and should not be penalized for doing so. This argument is unpersuasive, for counsel had no right to rely on an arrangement not addressed in a court’s order, which specifically delineated when and where the lineup was to take place and who was to be present, which was granted after a hearing at which counsel could have raised the issue.
Nonetheless, the court rejects the People’s argument that the fact that defendant waived his right to have counsel pres *467 ent is dispositive. So, too, is their argument that the private investigator did not have the legal authority to act as defendant’s lawyer. This court need not and indeed does not find that the defendant’s right to counsel at a lineup includes a right to a private investigator at a lineup.
Rather, this court chooses to focus on how the People, i.e., the police, treated the defendant’s private investigator, and finds great similarity in the area of the apparent authority doctrine as applied to consent by third parties to police searches. This doctrine applies to a situation where an individual appears to have the authority to act but in fact does not. The apparent authority doctrine provides that if a police officer relies in good faith on the apparent capability of a person to consent to a search and that belief is a reasonable one, evidence seized in such search will not be suppressed even if it is subsequently revealed that the person in fact did not have such authority. (People v Adams, 53 NY2d 1, rearg denied 54 NY2d 832, cert denied 454 US 854.)
The burden of establishing apparent authority in search cases is by a preponderance of the evidence. (People v Gonzalez, 88 NY2d 289.) In order to deny suppression, the court must first be satisfied that a two-pronged test is met: (1) the officer’s belief is reasonable based on an objective view of the circumstances; and (2) the officer made some inquiry into the consenting party’s control over the premises or property to be inspected. (Kamins, New York Search & Seizure, at 265 [1998 ed].)
Analogizing the apparent authority doctrine here, the question becomes whether or not a private investigator acting in good faith reasonably believes that he may act as a defense attorney at a lineup even though he has no such legal authority. Accordingly, the test for finding apparent authority set forth above is modified as follows: (1) the attorney and/or private investigator acting in good faith communicated to the People in sufficient time before the lineup for them to object that the private investigator was substituting for the attorney, and (2) the private investigator’s belief that he could act as if he were the attorney for the defendant at the lineup was reasonable based upon an objective review of the circumstances.
Without belaboring the facts of this case as previously set forth, the defendant has amply demonstrated by a preponderance of the evidence that the above-mentioned criteria have been met. The People, specifically the police department, cloaked the defendant’s private investigator with the apparent *468 authority to act as defendant’s attorney at the lineup because they treated the private investigator exactly as they would have treated an attorney, up to the private investigator’s exclusion from the viewing room. In this case, this constituted a violation of the defendant’s right to counsel at the lineup. (See, People v Drummond, 134 AD2d 276 [2d Dept 1987] [police permitted attorney to participate in setting up lineup but excluded him while robbery victim viewed it].)
Thus, the answer to the question of whether the private investigator in this case stood in the shoes of the defendant’s attorney and was therefore improperly excluded from the lineup procedure, this court concludes is in the affirmative. Accordingly, the motion to suppress the lineup identifications is granted.

. This opinion amplifies only one portion of an oral decision rendered from the Bench.

. In fact, when potentially confronted with the exact issue, the Southern District, in its habeas review of a criminal case, did not decide the issue of *466 whether the lay investigator acting at the direction of an attorney satisfies the Sixth Amendment right to counsel, since the petitioner did not raise the issue. (Lewis v Strack, 1998 WL 404793, 2, n 2 [SD NY, July 17, 1998, Scheindlin, JJ; People v Lewis, 235 AD2d 223 [1st Dept 1997], lv denied 89 NY2d 1096.)