■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JUAN MANUEL ORTIZ, Also Known as JUAN ORTIZ ALVEAR, Appellant. [732 NYS2d 249] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Cooperman, J.), rendered February 26, 1996, convicting him of attempted murder in the second degree and assault in the first degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that his right to counsel was violated

when his attorney was excluded from the viewing room during the lineup, and therefore the lineup identification evidence should have been suppressed. However, there is ample evidence to support the hearing court's determination that defense counsel consented to remain in the lineup room during the viewing. Furthermore, defense counsel fully participated in preparing the lineup and did not voice an objection to the viewing of the lineup. Under these circumstances, counsel's viewing of the lineup from the lineup room did not violate the defendant's right to counsel (*see generally, People v Pena,* 242 AD2d 546; *see also, People v LaClere,* 76 NY2d 670; *cf., People v Nelson,* 234 AD2d 949).

The prosecutor's closing statements were fair comments on the evidence, properly responsive to defense counsel's closing statements, and did not deprive the defendant of a fair trial (*see, People v Galloway,* 54 NY2d 396; *People v Gomez,* 156 AD2d 462).

The sentence imposed was not excessive (*see, People v Suitte,* 90 AD2d 80).

The defendant's remaining contentions, including those raised in his supplemental *pro se* brief, are without merit. Ritter, J. P., Santucci, Feuerstein and Adams, JJ., concur.