■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EARL THOMAS, Appellant — Judgment unanimously affirmed. Memorandum: After defendant's apprehension within one-half hour of the commission of the crime, he was transported in a police vehicle to the crime scene in handcuffs where he was simultaneously identified by two witnesses. Although the police had overwhelming evidence on which to hold defendant, exigent circumstances existed to justify use of a showup due to the time of night, proximity of the suspect to the time and place of the crime when he was arrested, awareness by the police that the witnesses were still at the crime scene, the importance of early verification of identity and the delay which would be entailed in arranging a lineup. Further, the procedures were not unnecessarily suggestive since there is no indication on the record that either witness influenced the other by reason of the joint showing. Nor did the presence of handcuffs, although a factor to be considered in a ruling to admit evidence of the identification, render the showup unnecessarily suggestive. The mere fact that the police present a man to be viewed implies that they consider him to be a suspect and the presence of handcuffs adds little to the inference. Finally, the court did not abuse its discretion in its *Sandoval* ruling (*People v Sandoval,* 34 NY2d 371) since it properly balanced the probative values of defendant's other crimes for impeachment purposes on the issue of credibility and the unfair prejudicial effect on defendant (see *People v Pavao,* 59 NY2d 282, 292; *People v Sandoval, supra,* p 376). (Appeal from judgment of Supreme Court, Monroe County, Finnerty, J. — burglary, third degree.) Present — Dillon, P. J., Hancock, Jr., Green, Moule and Schnepp, JJ.