■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEVIN BURNS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Pesce, J.), rendered March 17, 1986, convicting him of robbery in the third degree and attempted robbery in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

We find the identifications were not tainted by the fact that the defendant was handcuffed in the backseat of a police car when he was identified by both victims simultaneously. Showup identifications made shortly after a crime are permitted by the courts in that they are "based on fresh recollections of recent events, they insure reliable identifications of perpetrators and prompt release of innocent suspects" (People v Soto, 87 AD2d 618, 619; see also, People v Smith, 63 AD2d 754). While simultaneous showup identifications are generally frowned upon (People v Adams, 53 NY2d 241, 249), they are considered appropriate if the interest of promptness is the underlying reason (People v Love, 57 NY2d 1023, 1024-1025). Nor was the showup unduly suggestive in light of the fact that the defendant was handcuffed when the witnesses viewed him. "Although it may be undesirable to display a suspect while he is handcuffed * * * procedures that are less than ideal are tolerable in the interest of prompt identification" (People v Johnson, 102 AD2d 616, 627; see also, People v Thomas, 105

AD2d 1098). Here, there was sufficient interest in the speed of the identification to warrant a simultaneous identification while the suspect was still handcuffed and seated in a police car.

We also do not find merit in the defendant's claim that the People failed to prove his guilt beyond a reasonable doubt. He claims that one witness testified that the assailant was wearing beige shorts, the other witness testified the assailant wore beige pants cut below the knee and the arresting officer's report stated the defendant was wearing beige pants. This variation in testimony was presented to the jury and resolved against the defendant. We will not disturb their decision. Upon the exercise of our factual review power, we are satisfied that the evidence established the defendant's guilt beyond a reasonable doubt and that the verdict was not against the weight of the evidence (see, CPL 470.15 [5]).

The defendant's remaining contentions addressed to the charge have not been preserved for appellate review (see, People v Allen, 69 NY2d 915; People v Nuccie, 57 NY2d 818; People v Durkin, 132 AD2d 668). Even if we were to exercise our interest of justice jurisdiction, we would find them to be without merit. The phrase "50-50" in that portion of the charge dealing with reasonable doubt was ill chosen, but the charge, read as a whole, adequately explained the quantum of proof necessary in a criminal trial (see, People v Canty, 60 NY2d 830; People v Townes, 104 AD2d 1057; People v Cruz, 97 AD2d 518). The charge on the presumption of innocence was not confusing or ambiguous. Lawrence, J. P., Eiber, Spatt and Sullivan, JJ., concur.