■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONALD COOPER, Appellant.—Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting him, after a jury trial, of two counts of robbery in the first degree and one count each of criminal possession of a weapon in the second and third degrees. Defendant argues that the court erred in refusing to suppress the victim's showup identification of defendant. We disagree. Based on the testimony adduced at the *Wade* hearing, defendant was apprehended at 6:00 A.M. about 1,000 feet from the scene of the crime, and within one-half hour of the crime. Thus, the showup was permissible because the suspect was captured near the crime scene and viewed in spatial and temporal proximity by the victim (see, *People v Riley,* 70 NY2d 523, 529). The fact that defendant was handcuffed, by itself, does not invalidate the showup, because "[t]he mere fact that the police present a man to be viewed implies that they consider him to be a suspect and the presence of handcuffs adds little to the inference" *(People v Thomas,* 105 AD2d 1098).

We have examined defendant's remaining contentions on appeal and find them to be without merit. (Appeal from judgment of Monroe County Court, Bergin, J.—robbery, first degree, and other charges.) Present—Boomer, J. P., Pine, Balio, Lawton and Davis, JJ.