We reject the defendant's contention that the hearing court erred in denying his motion to suppress six .22 caliber rounds of ammunition found on his person subsequent to his arrest. The arresting officer testified that after arriving on the scene in response to a radio call concerning a shooting, and examining the victim, he heard an unidentified individual tell another officer that a person among the group then exiting the building was in possession of a gun. The arresting officer then observed the defendant reach into his front waistband, remove a revolver and toss it away. Contrary to the defendant's assertion, this testimony was not inherently improbable or incredible as a matter of law and we decline to disturb the suppression court's finding that the officer's testimony was credible *(cf., People v Prochilo,* 41 NY2d 759; *see, People v Africk,* 107 AD2d 700; *People v Garafolo,* 44 AD2d 86).

Viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (CPL 470.15 [5]). Kooper, J. P., Spatt, Harwood and Rosenblatt, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DWAYNE WILSON, Appellant.—Appeal by the defendant from (1) a judgment of the Supreme Court, Kings County (Pesce, J.), rendered March 4, 1987, convicting him of robbery in the second degree and attempted robbery in the second degree under indictment No. 582/86, upon a jury verdict, and imposing sentence and (2) a judgment of the same court (Hellenbrand, J.), rendered March 16, 1987, convicting him of attempted robbery in the first degree under indictment No. 6563/86, upon his plea of guilty, and imposing sentence.

Ordered that the judgments are affirmed.

The defendant's contentions regarding the court's charge have not been preserved for appellate review *(see, People v Allen,* 69 NY2d 915). In any event, while certain phrases in

that portion of the charge dealing with reasonable doubt were ill-chosen, the charge, read as a whole, adequately explained the quantum of proof necessary in a criminal trial *(People v Burns,* 133 AD2d 642).

The defendant's remaining contentions are similarly unpreserved for appellate review and, in any event, are without merit. Brown, J. P., Eiber, Kooper and Rosenblatt, JJ., concur.