■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARSHALL JENKINS, Appellant.—Judgment unanimously affirmed. Memorandum: Defendant was convicted of burglary in the first degree and attempted robbery in the first degree arising out of his attempted robbery of a night clerk at the

Econo Lodge Motel in the City of Utica during the early morning hours of July 30, 1988. Defendant was apprehended a short distance from the motel and was taken back to the motel where a showup occurred within twenty minutes of the attempted robbery. Defendant contends that the showup to a group of witnesses was unduly suggestive. Although simultaneous showups are generally frowned upon *(People v Adams,* 53 NY2d 241, 249), procedures which are less than ideal are tolerable in the interest of prompt identification, particularly where, as here, the suspect is captured close in time and proximity to the scene of the crime *(see, People v Duuvon,* 77 NY2d 541; *People v Love,* 57 NY2d 1023, 1024-1025; *People v Burns,* 133 AD2d 642, *lv denied* 70 NY2d 873). Furthermore, the showup was not unduly suggestive even though the defendant was handcuffed and seated in a police car when the witnesses viewed him *(see, People v Burns, supra; People v Johnson,* 102 AD2d 616, 627). In our view, the showup procedure employed by the police was justified in the interest of prompt identification *(see, People v Love, supra; People v Burns, supra; see also, People v Manuel,* 170 AD2d 980).

We agree with defendant that the police officers were improperly allowed to bolster the identification of him made by the night clerk and the security guard. However, no objection was made to this testimony and, thus, this issue has not been properly preserved for appellate review *(see, People v West,* 56 NY2d 662, 663). In any event, even though this testimony was clearly improper *(see, People v Johnson,* 57 NY2d 969, 970; *People v Trowbridge,* 305 NY 471; *People v Love,* 135 AD2d 1099), in view of the compelling identification testimony and the overwhelming evidence of guilt, the error was harmless *(see, People v Johnson, supra,* at 970-971; *People v Love, supra).*

Upon our review of the record, we conclude that the evidence was legally sufficient to support defendant's conviction and that the verdict was not against the weight of the evidence. We have reviewed the other claims of error made by defendant and find them to be without merit. (Appeal from Judgment of Oneida County Court, Buckley, J.—Burglary, 1st Degree.) Present—Callahan, J. P., Doerr, Green, Pine and Lowery, JJ.