■ The People of the State of New York, Respondent, v Curtis White, Appellant.—Mercure, J. Appeal from a judgment of the Supreme Court (Harris, J.), rendered May 10, 1991 in Albany County, upon a verdict convicting defendant of the crime of rape in the first degree.

On the night of June 7, 1990, the complainant left Izzy's Bar in the City of Albany and accepted defendant's offer of a ride home. The complainant testified that defendant then drove to an alley, dragged her out of the car, took off her clothes and raped her. After a struggle, the complainant, wearing only sneakers and socks, was able to get away and run to Central Avenue where she stopped a passing vehicle and asked the driver for assistance. Eventually, after obtaining some clothes, she told the police that she had been raped.

In the meantime, police had received a report of a possible rape in the back of 150 Central Avenue and had already commenced their investigation. The complainant's license was found in a purse which was located at the scene, and further investigation revealed that the complainant had gone to Izzy's

Bar that evening. Investigators dispatched to Izzy's Bar developed information that the complainant had been talking with a heavy-set black man named Gino wearing a "do rag". This description was transmitted to police units and Detective Joseph Hughes, recognizing the described person as defendant, proceeded with another detective to defendant's residence and ultimately located him. Hughes then requested that the complainant be driven by so she could view defendant, who was then in handcuffs. At the ensuing showup, the complainant identified defendant as her assailant. Following indictment and trial, defendant was found guilty of rape in the first degree and sentenced to a prison term of 8⅓ to 25 years. Defendant now appeals.

We affirm. Initially, it is our view that Supreme Court properly denied suppression of defendant's showup identification by the complainant. The showup was conducted within one hour of the crime and in close proximity to the crime scene *(see, People v Duuvon,* 77 NY2d 541, 544; *People v Riley,* 70 NY2d 523, 529), and the presence of handcuffs did not render the identification impermissibly suggestive *(see, People v Cooper,* 152 AD2d 939, *lv denied* 74 NY2d 846; *People v Thomas,* 105 AD2d 1098). Moreover, Supreme Court correctly determined that the People had established an independent basis for an in-court identification, given the complainant's observations of defendant in the bar and during the assault *(see, People v Ramos,* 42 NY2d 834; *People v Carter,* 158 AD2d 851, 852).

We also reject the contention that there was insufficient evidence of penetration to support the conviction. The complainant's testimony that penetration had occurred was supported by medical evidence that the area of the vulva was red and swollen. Medical evidence negating the presence of semen was entirely consistent with the complainant's testimony that she was able to escape from defendant soon after penetration occurred. Moreover, "ejaculation is by no means a prerequisite to the commission of a rape which may occur 'upon any penetration, however slight' (Penal Law § 130.00 [1])" *(People v Gebert,* 118 AD2d 799, 802, *lv denied* 67 NY2d 943; *see, People v Chilson,* 133 AD2d 931, 932-933, *lv denied* 71 NY2d 893; *People v Kinnard,* 98 AD2d 845, 847, *affd* 62 NY2d 910). Viewing the evidence adduced at trial in a light most favorable to the People *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to support the conviction.

We also agree with Supreme Court's conclusion that defendant's statement should not have been suppressed. Defendant

did not controvert police testimony that the statement was made immediately after defendant was advised of his *Miranda* warnings, and the record is devoid of any evidence which would support defendant's claim that the statement was involuntarily given. In these circumstances, there is no basis to disturb Supreme Court's finding that defendant voluntarily waived his right to counsel *(see, People v Sirno,* 76 NY2d 967).

Defendant's remaining contentions are unpreserved for appellate review, without merit or constitute harmless error beyond a reasonable doubt *(see, People v Crimmins,* 36 NY2d 230).

Mikoll, J. P., Levine, Crew III and Harvey, JJ., concur. Ordered that the judgment is affirmed.