*950 OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed.
Complainant was robbed at knifepoint while riding an elevator, alone, up to her apartment. Moments later, a neighbor saw a man resembling defendant, who had cloth wrapped around his hand, fleeing the building. A short time after, the police stopped defendant (who had cloth wrapped around his hand) on a nearby street in connection with an unrelated crime. When complainant’s husband, in pursuit of the robber, told police that defendant had robbed his wife, a search of defendant revealed that he was carrying jewelry belonging to complainant and a knife. Defendant was arrested, handcuffed and taken to the police station, where complainant identified him as the robber. The trial court suppressed both complainant’s identification of defendant (owing to the suggestive showup) and her in-court identification (owing to the absence of evidence of independent source). At trial, however, complainant was allowed to give a physical description of the robber. Testifying on his own behalf, defendant recounted that, while out jogging, he had collided with a lookalike wearing similar clothing, who dropped the knife and jewelry that he picked up just before the police stopped him.
Complainant was properly allowed to testify to details she could not have gleaned from the showup — for example, her detailed description and identification of the knife as well as the fact that cloth was wrapped around her assailant’s hand— and such details were corroborated by other evidence. Therefore, while it was improper for complainant to give a physical description of the robber — there having been no finding that such description, given for the first time after the showup, was untainted (see, People v Moss, 80 NY2d 857) — in this case the error was harmless (People v Crimmins, 36 NY2d 230, 241).
Defendant’s remaining contentions are either unpreserved or without merit.
Chief Judge Wachtler and Judges Simons, Kaye, Titone, Hancock, Jr., and Bellacosa concur; Judge Smith taking no part.
Order affirmed in a memorandum.