■■■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDDIE FLOWERS, Appellant. [634 NYS2d 13] —Judgment unanimously affirmed. Memorandum: We reject defendant's contention that Supreme Court erred in imposing a sentence greater than that agreed upon without allowing defendant to withdraw his plea. When defendant entered the plea, the court advised him that, if he failed to appear on the date scheduled for sentencing, the court would not be bound by its sentence promise and could impose an enhanced sentence. By failing to appear at the scheduled time, defendant forfeited the benefits of his original plea bargain and the court was free to impose an enhanced sentence *(see, People v Rumlin, 209 AD2d 1051, lv denied 85 NY2d 866; People v Gwynn, 201 AD2d 501, lv denied 83 NY2d 911; People v Gamble, 111 AD2d 869, 870)*. There is no merit to the contention of defendant that the court failed to make any inquiry before denying his request for a new court-assigned counsel *(see, People v Sides, 75 NY2d 822)*. The sentence imposed is less than the maximum, and we decline to exercise our power to modify it as a matter of discretion in the interest of justice *(see, CPL 470.15 [6] [b])*. (Appeal from Judgment of Supreme Court, Monroe County, Affronti, J.—Attempted Criminal Sale Controlled Substance, 3rd Degree.) Present—Green, J. P., Lawton, Callahan, Doerr and Davis, JJ.

■■■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRYON JOHNSON, Appellant. [633 NYS2d 789] —Judgment unani-

mously affirmed. Memorandum: Supreme Court properly denied the motion of defendant to suppress evidence of the victim's showup identification of him. The showup was held at the scene and within a short period of time after the shooting incident. Although the victim was in the presence of another witness *(see, People v Duuvon,* 77 NY2d 541, 545; *People v Love,* 57 NY2d 1023, 1024; *People v Adams,* 53 NY2d 241, 249; *People v Jenkins,* 175 AD2d 648, 649, *lv denied* 78 NY2d 1012) and defendant was in handcuffs in police custody *(see, People v Jones,* 149 AD2d 970, *lv denied* 74 NY2d 742), the showup procedures were tolerable in the interest of prompt identification.

The court did not abuse its discretion in denying defendant's motion for youthful offender treatment because defendant's participation in the incident was not "relatively minor" *(see,* CPL 720.10 [2] [a]; [3] [ii]). In light of defendant's prior youthful offender adjudication, the violent nature of the incident and defendant's lack of remorse, we decline to exercise our power to modify the sentence as a matter of discretion in the interest of justice *(see,* CPL 470.15 [6] [b]). (Appeal from Judgment of Supreme Court, Monroe County, Bergin, J.—Robbery, 1st Degree.) Present—Green, J. P., Lawton, Callahan, Doerr and Davis, JJ.