■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHONETONE HINES, Appellant. [697 NYS2d 2] —Judgment, Supreme Court, New York County (Carol Berkman, J., at suppression hearing; Richard Carruthers, J., at jury trial and sentence), rendered January 7, 1997, convicting defendant of criminal sale of a controlled substance in the third degree and conspiracy in the fourth degree, and sentencing him, as a second felony offender, to concurrent terms of 4½ to 9 years and 1½ to 3 years, unanimously affirmed.

The hearing court properly denied defendant's motion to suppress identification evidence. Probable cause for defendant's arrest was provided by the undercover officer's radioed report to the field team indicating that defendant was one of the individuals who had sold drugs to the officer (*People v Ramirez-Portoreal*, 88 NY2d 99, 114). The court properly ruled that there was no evidence of undue suggestiveness in the experienced undercover officer's identification of defendant (with whom the officer had engaged in a close-range drug transaction), both at the time of his arrest and approximately 20 minutes later at the precinct, which identifications were confirmatory in nature (*see, People v Morales*, 37 NY2d 262, 271-272).

The verdict was based on legally sufficient evidence and was not against the weight of the evidence. Contrary to defendant's misidentification claim, evidence of the undercover officer's close observation of defendant during a five minute, face-to-face drug transaction, the officer's accurate description of defendant transmitted to the backup team immediately after the transaction, and surveillance photographs of defendant with other members of the group taken in connection with the long-term investigation of this case, amply supports the jury's determination that the undercover officer correctly identified defendant (*see, People v Baker*, 168 AD2d 297, *lv denied* 77 NY2d 903).

The court properly denied defendant's *Batson* application. To the extent defendant offered arguments of pretext in connection with his application, the court made a proper factual determination that the race-neutral reasons proffered by the prosecutor were not pretextual (*see, People v Allen*, 86 NY2d 101, 109-110).

We have considered and rejected defendant's remaining claims. Concur—Rosenberger, J. P., Tom, Mazzarelli, Saxe and Buckley, JJ.