■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL PITTA, Appellant. [697 NYS2d 655] —Appeal by the de-

fendant from a judgment of the County Court, Nassau County (Cotter, J.), rendered March 23, 1998, convicting him of burglary in the second degree (two counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

The defendant failed to preserve for appellate review his claim that the convictions were based on legally insufficient evidence. His motion for a trial order of dismissal failed to refer to any specific deficiency in the evidence presented by the People (see, CPL 470.05 [2]; People v Prentice, 199 AD2d 343). In any event, viewing the evidence in the light most favorable to the prosecution (see, People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt (see, Penal Law § 140.25 [2]). Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (see, CPL 470.15 [5]).

We reject the defendant's contention that the hearing court erred in denying suppression of the showup identification that the victim made near the scene of the crime. While showup procedures are generally disfavored (see, People v Adams, 53 NY2d 241), they are permissible when, as here, they occur in close spatial and temporal proximity to the commission of the crime for the purpose of securing a prompt and reliable identification (see, People v Love, 57 NY2d 1023; People v Burns, 133 AD2d 642).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Bracken, J. P., O'Brien, Santucci and Altman, JJ., concur.