■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GILLIS DAVIS, Appellant. [732 NYS2d 318] —Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting him after a nonjury trial of robbery in the third degree (Penal Law § 160.05) and other offenses. The sentence is neither unduly harsh nor severe. Defendant contends in his pro se supplemental brief that the conviction of robbery in the third degree is not supported by legally sufficient evidence because the People failed to establish that he intended to steal the victim's wallet. That contention is not preserved for our review (see, CPL 470.05 [2]; People v Gray, 86 NY2d 10, 19), and in any event is without merit. County Court could infer defendant's intent to steal the victim's wallet based on defendant's conduct and the circumstances of the offense (see, People v Luke, 279 AD2d 534, 535, lv denied 96 NY2d 785; People v Harris, 191 AD2d 643, lv denied 81 NY2d 1014). The victim testified that defendant repeatedly asked him for money and, when he did not comply with that request, defendant pinned the victim against a house, reached into his own pocket, and said that he would kill him. In addition, "defendant's level of intoxication did not prevent him from forming the requisite intent" (People v Bernardo, 276

AD2d 391, *lv denied* 95 NY2d 961). Finally, contrary to the further contention of defendant in his *pro se* supplemental brief, the verdict is not contrary to the weight of the evidence (*see, People v Bleakley,* 69 NY2d 490, 495). (Appeal from Judgment of Monroe County Court, Marks, J.—Robbery, 3rd Degree.) Present—Green, J. P., Hayes, Wisner, Scudder and Kehoe, JJ.