■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES McGEE, Appellant. [741 NYS2d 779] —Appeal from a judgment of Supreme Court, Onondaga County (Brunetti, J.), entered June 1, 2001, convicting defendant upon his plea of guilty of robbery in the second degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Supreme Court properly denied defendant's motion to dismiss the indictment. Defendant failed to meet his

burden of demonstrating "the existence of defects impairing the integrity of the Grand Jury proceeding and giving rise to a possibility of prejudice" (*People v Santmyer,* 255 AD2d 871, 871-872, *lv denied* 93 NY2d 902; *see People v Wood,* 291 AD2d 824). The court also properly denied defendant's motion to suppress the showup identifications of defendant by the victim and two eyewitnesses. Defendant was apprehended a short distance from the crime scene within 50 minutes of the crime. Contrary to the contention of defendant, the fact that he was in handcuffs and standing next to police officers during the showup procedure does not render the procedure unduly suggestive as a matter of law (*see People v Boyd,* 272 AD2d 898, 899, *lv denied* 95 NY2d 850; *People v Hendrick,* 192 AD2d 1100, *lv denied* 82 NY2d 755). Defendant further contends that the showup procedure was unduly suggestive because the two eyewitnesses were in the same police vehicle when they identified defendant. We disagree. Cumulative witness identifications are not presumptively forbidden (*see People v Duuvon,* 77 NY2d 541, 545), and in this case the showup procedure was permissible "in the interest of prompt identification" (*People v Johnson,* 221 AD2d 1016, 1017). Present—Pine, J.P., Hayes, Wisner, Scudder and Kehoe, JJ.