■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JIMMY PROSS, Appellant. [754 NYS2d 792] —Appeal from a judgment of Monroe County Court (Marks, J.), entered March 15, 1999, convicting defendant after a jury trial of, inter alia, assault in the first degree (two counts).

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously modified on the law by reducing the conviction of assault in the first degree under the third count of the indictment to attempted assault in the first degree (Penal Law §§ 110.00, 120.10 [1]) and vacating the sentence imposed on that count and as modified the judgment is affirmed, and the matter is remitted to Monroe County Court for sentencing on that conviction.

Memorandum: Defendant appeals from a judgment convicting him following a jury trial of two counts of assault in the first degree (Penal Law § 120.10 [1]), reckless endangerment in the first degree (§ 120.25), criminal possession of a weapon in the second degree (§ 265.03), and criminal possession of a weapon in the third degree (§ 265.02 [4]). County Court sentenced defendant to two indeterminate terms of incarceration of 12½ to 25 years on the assault counts, the sentence on one assault count to run consecutively to the sentence on the other, with the remaining lesser sentences on the other counts to run concurrently with the sentences on the assault counts. The charges arose from defendant's having fired a gun in a crowded bar, shooting two patrons.

Contrary to defendant's contention, the showup procedure was not unduly suggestive. The showup was conducted in front of the bar where the shootings occurred, within 40 minutes of the shootings (*see People v Love*, 57 NY2d 1023, 1024; *People v Johnson*, 221 AD2d 1016, 1017). Moreover, the presence of the witnesses near the police vehicle while each witness viewed defendant in the back seat of the vehicle did not render the procedure unduly suggestive. The testimony of a police officer established that each witness was interviewed individually, and "it cannot be said that the witnesses were in such proximity while viewing [defendant] that there was an increased 'likelihood that if one of them made an identification the others would concur'" (*People v Libbett*, 289 AD2d 961, 961-962, *lv denied* 97 NY2d 730; *see also People v McGee*, 294 AD2d 937, 938, *lv denied* 98 NY2d 699).

Defendant's general motion to dismiss the indictment failed to preserve for our review defendant's contentions that the two victims did not sustain serious physical injuries within the meaning of Penal Law § 120.10 (1) and (3) and thus that the evidence is legally insufficient to support the conviction of the two counts of assault (*see* CPL 470.05 [2]; *People v Angelo M.*, 231 AD2d 925, *lv denied* 89 NY2d 862, 1087; *see generally People v Gray*, 86 NY2d 10, 19). The court, however, specified that it would deem defendant's general motion to dismiss as one challenging the legal sufficiency of the evidence of serious physical injury with respect to counts three and four, concerning one of the two victims (Penal Law § 120.10 [1], [3]), and the court granted that part of the motion seeking dismissal of count four. We exercise our power to review defendant's contention with respect to count three as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]), and we conclude that the evidence of serious physical injury with respect to that

count under Penal Law § 120.10 (1) is legally insufficient (*see* § 10.00 [10]; *see also People v Sanchez*, 276 AD2d 723, 723-724, *lv denied* 96 NY2d 787). We further conclude, however, that the evidence is legally sufficient to support a conviction of the lesser included offense of attempted assault in the first degree (§§ 110.00, 120.10 [1]; *see* CPL 1.20 [37]). We therefore modify the judgment by reducing the conviction of assault in the first degree under the third count of the indictment to attempted assault in the first degree (Penal Law §§ 110.00, 120.10 [1]) and vacating the sentence imposed on that count, and we remit the matter to Monroe County Court for sentencing on that conviction (*see* CPL 470.15 [2] [a]; 470.20 [4]).

Defense counsel's general objection to a comment by the prosecutor during jury selection did not preserve for our review the contention of defendant that he was deprived of a fair trial by that comment (*see generally People v Tonge*, 93 NY2d 838, 839-840; *People v Bratcher*, 291 AD2d 878, 879, *lv denied* 98 NY2d 673). Defendant's contention that the court erred in failing to repeat certain statutory definitions, thus causing jury confusion, is also unpreserved for our review inasmuch as defense counsel did not object to the jury charge or any supplemental charges (*see People v Friend*, 296 AD2d 556; *see also People v Perez*, 204 AD2d 359, *lv denied* 84 NY2d 830).

Defendant contends that the court erred in admitting the identification testimony of a prosecution witness based on the People's failure to provide notice of that testimony pursuant to CPL 710.30 (1). That contention is without merit. Defense counsel objected when the prosecutor asked the witness whether he could identify the shooter in the courtroom, and the court sustained the objection before the witness responded to the question. Thus, no such identification testimony was admitted. Furthermore, defendant did not thereafter seek a mistrial or request a curative instruction and thus has failed to preserve for our review his contention that the prejudice arising from the prosecutor's question was not neutralized (*see* 470.05 [2]; *see also People v Latterell*, 291 AD2d 881, 882, *lv denied* 98 NY2d 638; *People v Henry*, 264 AD2d 672, *lv denied* 94 NY2d 863). We decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see* 470.15 [6] [a]).

Defendant contends that, because he was intoxicated, the evidence that he intended to cause serious physical injury to either of the victims is legally insufficient. Viewing the evidence in the light most favorable to the prosecution, we conclude that a rational trier of fact could have inferred that defendant had

the requisite intent to commit the crimes charged (*see People v Taylor*, 94 NY2d 910, 911-912; *see also People v Davis*, 288 AD2d 858, *lv denied* 97 NY2d 753; *People v Mike*, 283 AD2d 989, *lv denied* 96 NY2d 904).

We reject defendant's contention that the court erred in refusing to charge assault in the third degree as a lesser included offense of assault in the first degree. Defendant requested that the court charge subdivisions (1) and (2) of Penal Law § 120.00, and there is no reasonable view of the evidence that a deadly weapon—here, a loaded firearm—was not used to commit the assaults. Thus, there is no reasonable view of the evidence to support a finding that defendant committed the lesser offense but not the greater (*see generally People v House*, 278 AD2d 244, 244-245, *lv denied* 96 NY2d 784). Defendant did not request that the court charge subdivision (3) of Penal Law § 120.00 and thus failed to preserve for our review his present contention that the court erred in failing to do so (*see* CPL 470.05 [2]). We decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see* 470.15 [6] [a]). The belated motion of defendant for a mistrial and a curative instruction did not preserve for our review his contention that a statement by the prosecutor on summation deprived him of a fair trial (*see* 470.05 [2]; *People v Evans*, 291 AD2d 569, *lv denied* 98 NY2d 650; *see also People v McHarris*, 297 AD2d 824, 825; *People v Jones*, 294 AD2d 517). In any event, we conclude that the prosecutor's statement was fair comment on the evidence (*see Evans*, 291 AD2d 569). Finally, the sentence, as modified by operation of law (*see* Penal Law § 70.30 [1] [e] [i]), is neither unduly harsh nor severe. Present—Pigott, Jr., P.J., Pine, Hurlbutt, Gorski and Lawton, JJ.