THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CRAIG BURROUGHS, Appellant. [784 NYS2d 742]—

Appeal from a judgment of the Supreme Court, Erie County (Joseph S. Forma, J.), rendered April 10, 2003. The judgment convicted defendant, upon a jury verdict, of forgery in the second

degree (three counts), criminal possession of stolen property in the fourth degree and petit larceny (three counts).

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him, upon a jury verdict, of three counts each of forgery in the second degree (Penal Law § 170.10 [1]) and petit larceny (§ 155.25) and one count of criminal possession of stolen property in the fourth degree (§ 165.45 [2]). Supreme Court properly permitted the identification testimony of a prosecution witness because her out-of-court showup identification of defendant was confirmatory in nature (*see People v Hines*, 265 AD2d 166 [1999], *lv denied* 94 NY2d 881 [2000]). The evidence at the *Wade* hearing established that the witness, an employee of Piercing Pagoda, had a significant amount of time to observe defendant and that their face-to-face interaction was sufficient to provide the witness with a basis independent of the showup identification to identify defendant in court as the man who used the stolen credit card (*see People v Davis*, 289 AD2d 977 [2001], *lv denied* 98 NY2d 636 [2002]). The court therefore did not err in permitting the witness's identification of defendant in court as that man. The court also properly permitted the testimony of another witness, an employee of Delaware Camera Mart, concerning his description of the man who used the stolen credit card (*see People v Fluitt*, 80 NY2d 949, 950 [1992]). The verdict is not against the weight of the evidence (*see People v Bleakley*, 69 NY2d 490, 495 [1987]), and the sentence is not unduly harsh or severe. Present—Hurlbutt, J.P., Gorski, Martoche, Lawton and Hayes, JJ.