THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES BRANCH, Appellant. [808 NYS2d 848]—

Appeal from a judgment of the Oneida County Court (Barry M. Donalty, J.), rendered March 24, 2004. The judgment convicted defendant, upon a jury verdict, of burglary in the third degree and petit larceny.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him, upon a jury verdict, of burglary in the third degree (Penal Law § 140.20) and petit larceny (§ 155.25), defendant contends that County Court erred in denying his motion to suppress the in-court identification of a witness who had identified him in a showup identification procedure. Defendant failed to preserve his contention for our review (*see* CPL 470.05 [2]) and, in any event, his contention is lacking in merit. The showup identification procedure was conducted in geographic and temporal proximity to the crime, and "the fact that [defendant] was handcuffed and seated in a patrol car does not render the procedure unduly suggestive" (*People v Robinson*, 8 AD3d 1028, 1029 [2004], *affd* 5 NY3d 738 [2005]; *see generally People v Duuvon*, 77 NY2d 541, 544-545 [1991]). In any·event, the evidence presented at the suppression hearing established that the witness had seen defendant on numerous prior occasions, and thus the record supports the court's alternative determination that the showup identification was merely confirmatory (*see People v Conner*, 15 AD3d 843, 844 [2005], *lv denied* 4 NY3d 885; *People v Burroughs*, 11 AD3d 1028, 1029 [2004], *lv denied* 3 NY3d 755 [2004]). Finally, the sentence is not unduly harsh or severe. Present—Pigott, Jr., P.J., Hurlbutt, Gorski and Smith, JJ.