■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIE J. CLARK, Appellant. [810 NYS2d 264]—

Appeal from a judgment of the Monroe County Court (Frank P. Geraci, Jr., J.), rendered January 15, 2003. The judgment convicted defendant, upon his plea of guilty, of burglary in the second degree and petit larceny.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of burglary in the second degree (Penal Law § 140.25 [2]). We reject the contention of defendant that County Court erred in accepting his plea because the factual allocution fails to establish that the building he entered was a dwelling or that he intended to commit a crime when he entered. "[N]othing that defendant said or failed to say in [his] allocution negated any element of the offense to which [he] pleaded (*see People v Lopez*, 71 NY2d [662,] 666 n 2) or otherwise called into question [his] admitted guilt or the voluntariness of his plea" (*People v Seeber*, 4 NY3d 780, 781 [2005]). We reject the further contention of defendant that the showup identification procedure was unduly suggestive and that the court therefore erred in denying his motion to suppress the identification testimony of the eyewitness who made a 911 call reporting the burglary. Defendant was apprehended a short distance from the crime scene and the showup identification procedure was conducted within 30 minutes of the 911 call (*see People v Johnson*, 262 AD2d 1004, 1005 [1999], *lv denied* 93 NY2d 1020 [1999]). The fact that defendant was in handcuffs standing next to a police officer when the eyewitness identified him did not render the procedure unduly suggestive as a matter of law (*see People v McGee*, 294 AD2d 937, 938 [2002], *lv denied* 98 NY2d 699 [2002]). Present—Hurlbutt, J.P., Scudder, Gorski, Green and Hayes, JJ.