THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAFAEL D. DELAROSA, Appellant. [813 NYS2d 610]—

Appeal from a judgment of the Ontario County Court (Frederick G. Reed, J.), rendered November 15, 2004. The judgment convicted defendant, upon his plea of guilty, of robbery in the second degree (two counts) and burglary in the first degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him, upon his *Alford* plea, of two counts of robbery in the second degree (Penal Law § 160.10 [1], [2] [a]) and one count of burglary in the first degree (§ 140.30 [2]). Contrary to defendant's contention, County Court properly determined that the showup identification procedure was not unduly suggestive (*see People v Newton*, 24 AD3d 1287, 1288 [2005]), and thus the court properly refused to suppress the identification testimony of the four occupants of the burglarized apartment. The record establishes that the showup was conducted in geographic and temporal proximity to the crime (*see People v Branch*, 24 AD3d

1285 [2005]). The fact that defendant was in handcuffs standing next to a police officer when viewed by the witnesses does not render the procedure unduly suggestive as a matter of law (*see People v Clark*, 26 AD3d 743 [2006]; *People v Paul*, 6 AD3d 1129, 1130 [2004], *lv denied* 3 NY3d 679 [2004]), nor does the fact that defendant was viewed simultaneously by multiple witnesses (*see People v Zeigler*, 299 AD2d 910, 911 [2002], *lv denied* 99 NY2d 586 [2003]; *People v Thomas*, 105 AD2d 1098 [1984]; *see generally People v Duuvon*, 77 NY2d 541, 545 [1991]). There is no indication in the record that any witness influenced another witness during the simultaneous viewing (*see Thomas*, 105 AD2d 1098 [1984]; *see generally People v Pross*, 302 AD2d 895, 896 [2003], *lv denied* 99 NY2d 657 [2003]).

The court also properly refused to suppress the tangible evidence seized by the police. We conclude that the officers had probable cause to arrest the suspects for robbery based upon the contents of the 911 telephone call and police dispatches and the officers' observations at the scene (*see People v Hamilton*, 17 AD3d 1052, 1053-1054 [2005]; *People v Jones*, 155 AD2d 889 [1989], *lv denied* 75 NY2d 814 [1990]), and we further conclude that the officers had probable cause to search the vehicle for fruits of that robbery, weapons used by the suspects, or other evidence of the crime (*see People v Shabazz*, 289 AD2d 1059 [2001], *cert denied* 537 US 1165 [2003], *affd* 99 NY2d 634 [2003], *rearg denied* 100 NY2d 556 [2003]; *People v Langen*, 60 NY2d 170, 181-182 [1983], *cert denied* 465 US 1028 [1984]). Although defendant further contends on appeal that the court "should have suppressed [his] statement," we note that the court essentially did so, based on the People's concession that the statement was elicited after defendant had invoked his right to remain silent. Finally, the sentence is not unduly harsh or severe. Present—Scudder, J.P., Kehoe, Smith, Green and Pine, JJ.