■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHRISTOPHER HERNANDEZ, Appellant. [842 NYS2d 662]—

Appeal from a judgment of the Oneida County Court (Michael L. Dwyer, J.), rendered October 23, 2003. The judgment convicted defendant, upon a jury verdict, of assault in the first degree and criminal possession of a weapon in the third degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him following a jury trial of assault in the first degree (Penal Law § 120.10 [1]) and criminal possession of a weapon in the third degree (§ 265.02 [1]). Contrary to the contention of defendant, he received meaningful representation (*see generally People v Baldi*, 54 NY2d 137, 147 [1981]). We note in particular

that defense counsel was not ineffective in failing to request a missing witness charge inasmuch as the People established that the witness in question was not available (*see People v Gonzalez*, 68 NY2d 424, 428 [1986]; *People v Whetstone*, 130 AD2d 969 [1987], *lv denied* 70 NY2d 718 [1987]). Contrary to defendant's further contention, the procedures used during the showup identifications were not unduly suggestive (*see People v Delarosa*, 28 AD3d 1186 [2006], *lv denied* 7 NY3d 811 [2006]; *People v Branch*, 24 AD3d 1285 [2005]; *People v Ponder*, 19 AD3d 1041, 1043 [2005], *lv denied* 5 NY3d 809 [2005]; *see generally People v Ortiz*, 90 NY2d 533, 537 [1997]). Defendant failed to preserve for our review his contention concerning the alleged legal insufficiency of the evidence of serious physical injury with respect to the assault conviction (*see People v Gray*, 86 NY2d 10, 19 [1995]). In any event, the evidence of serious physical injury is legally sufficient to support the assault conviction, and the verdict is not against the weight of the evidence with respect to that element of assault in the first degree (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]).

Defendant further contends that County Court's refusal to suppress the statement he made to a police officer during booking requires reversal. We reject that contention. The statement was essentially exculpatory, and we conclude that any error in the court's refusal to suppress the statement is harmless beyond a reasonable doubt (*see People v Pope*, 241 AD2d 756, 759-760 [1997], *lv denied* 91 NY2d 878, 1011 [1997]; *see generally People v Crimmins*, 36 NY2d 230, 237 [1975]). The sentence is not unduly harsh or severe, and there is no indication in the record that the sentence is a product of the court's vindictiveness (*see People v Carter*, 38 AD3d 1256, 1257 [2007], *lv denied* 8 NY3d 982 [2007]; *People v Simon*, 180 AD2d 866, 867 [1992], *lv denied* 80 NY2d 838 [1992]). We have examined defendant's remaining contentions and conclude that they are lacking in merit. Present—Hurlbutt, J.P., Martoche, Smith, Fahey and Pine, JJ.