THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SAMUEL WYNN, Appellant. [864 NYS2d 641]—

Appeal from a judgment of the Erie County Court (Timothy J. Drury, J.), rendered December 29, 2006. The judgment convicted defendant, upon a jury verdict, of robbery in the second degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him, following a jury trial, of robbery in the second degree (Penal Law § 160.10 [1]), defendant contends that County Court erred in refusing to suppress evidence allegedly seized as the result of an unlawful entry into his apartment, where he was arrested. We reject that contention. The People established that there were exigent circumstances justifying the warrantless entry into the apartment (*cf. People v Guins,* 165 AD2d 549, 552-554

[1991], *lv denied* 78 NY2d 1076 [1991]; *see generally People v Knapp,* 52 NY2d 689, 695-696 [1981]). We further reject the contention of defendant that the court abused its discretion in refusing to reopen the suppression hearing following the trial testimony of a police officer that appeared to be inconsistent with his testimony at the suppression hearing. Defendant failed to establish that his motion to reopen the suppression hearing was based on additional evidence that could not have been discovered with reasonable diligence prior to the hearing (*see* CPL 710.40 [4]; *People v Washington,* 238 AD2d 43, 47-48 [1998], *lv denied* 91 NY2d 1014 [1998]). In addition, the court properly determined that the showup identification procedure was not unduly suggestive (*see People v Clark,* 26 AD3d 743 [2006], *lv denied* 7 NY3d 754 [2006]; *see also People v Siler,* 45 AD3d 1403 [2007], *lv denied* 10 NY3d 771 [2008]).

Contrary to the further contention of defendant, his right of confrontation was not violated when the court admitted in evidence the tape recording of the 911 telephone call of the victim's manager. The tape recording was not offered for the truth of the matter asserted and thus it was not hearsay (*see generally People v Voymas,* 39 AD3d 1182, 1184 [2007], *lv denied* 9 NY3d 852 [2007]), nor was the 911 telephone call testimonial in nature (*see People v Marino,* 21 AD3d 430 [2005], *lv denied* 5 NY3d 883 [2005], *cert denied* 548 US 908 [2006]). Also contrary to defendant's contention, the People complied with CPL 240.45 (1) (b) with respect to the victim's criminal history and, in any event, the record establishes that defendant was "given a meaningful opportunity to use . . . exculpatory material to cross-examine the [victim]" (*People v Cortijo,* 70 NY2d 868, 870 [1987]). We reject defendant's further contention that the first and second counts of the indictment were multiplicitous. The second count of the indictment, under Penal Law §§ 20.00 and 160.10 (2) (b), has an element not included in the first count of the indictment, under Penal Law § 160.10 (1), inasmuch as the second count charges that either defendant or his accomplice displayed a firearm during the robbery or the immediate flight therefrom (*see generally People v Arnold,* 15 AD3d 783, 785 [2005], *lv denied* 4 NY3d 851 [2005]). The verdict is not against the weight of the evidence (*see generally People v Bleakley,* 69 NY2d 490, 495 [1987]), and the sentence is not unduly harsh or severe. We note, however, that the certificate of conviction incorrectly reflects that defendant was sentenced as a second felony offender, and it must therefore be amended to reflect that he was sentenced as a violent felony offender (*see generally People v Saxton,* 32 AD3d 1286 [2006]). We have considered defendant's remaining contention and conclude that it is without merit. Present—Martoche, J.P., Lunn, Fahey and Pine, JJ.