# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

392

KA 04-01470

PRESENT: SCUDDER, P.J., SMITH, PERADOTTO, LINDLEY, AND GREEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                          MEMORANDUM AND ORDER

ALONZO WOODARD, JR., DEFENDANT-APPELLANT.

---

KRISTIN F. SPLAIN, CONFLICT DEFENDER, ROCHESTER (KELLEY PROVO OF COUNSEL), FOR DEFENDANT-APPELLANT.

MICHAEL C. GREEN, DISTRICT ATTORNEY, ROCHESTER (GEOFFREY KAEUPER OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Monroe County (Stephen R. Sirkin, A.J.), rendered April 15, 2004. The judgment convicted defendant, upon a jury verdict, of burglary in the first degree (two counts), assault in the second degree, assault in the third degree (four counts) and unlawful imprisonment in the first degree (two counts).

It is hereby ORDERED that the judgment so appealed from is unanimously modified as a matter of discretion in the interest of justice by reducing the conviction of assault in the second degree to attempted assault in the second degree and vacating the sentence imposed on the fourth count of the indictment and as modified the judgment is affirmed, and the matter is remitted to Supreme Court, Monroe County, for sentencing on the conviction of attempted assault in the second degree.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of, inter alia, two counts of burglary in the first degree (Penal Law § 140.30 [2], [3]), one count of assault in the second degree (§ 120.05 [2]), and four counts of assault in the third degree (§ 120.00 [1]). Supreme Court properly refused to suppress the showup identifications of defendant by the two victims. Although showup identification procedures are generally disfavored (*see People v Ortiz*, 90 NY2d 533, 537), such procedures are permitted "where [they are] reasonable under the circumstances--that is, when conducted in close geographic and temporal proximity to the crime--and the procedure used was not unduly suggestive" (*People v Brisco*, 99 NY2d 596, 597; *see Ortiz*, 90 NY2d at 537; *People v Jackson*, 78 AD3d 1685, *lv denied* 16 NY3d 743). Here, the showup identification procedure took place at the scene of the crime, within 90 minutes of the commission of the crime and in the course of a continuous, ongoing investigation (*see Brisco*, 99 NY2d at 597; *see People v Wall*, 38 AD3d

1341, *lv denied* 9 NY3d 852; *People v Boyd*, 272 AD2d 898, *lv denied* 95 NY2d 850). Inasmuch as the two victims were placed in different police vehicles and remained apart throughout the showup identification procedure, "it cannot be said that the [victims] were in such proximity while viewing [defendant] that there was an increased likelihood that if one of them made an identification the other[] would concur" (*People v Pross*, 302 AD2d 895, 896, *lv denied* 99 NY2d 657 [internal quotation marks omitted]; *see also People v McGee*, 294 AD2d 937, *lv denied* 98 NY2d 699). We further note that the People presented testimony at the *Wade* hearing that, prior to the showup identification procedure, one of the victims spontaneously identified defendant as one of the perpetrators. Thus, the court properly refused to suppress the showup identification of that victim on the additional ground that the showup identification procedure was merely confirmatory (*see People v Buskey*, 13 AD3d 1058; *People v Burroughs*, 11 AD3d 1028, *lv denied* 3 NY3d 755; *People v Santiago*, 2 AD3d 263, *lv denied* 2 NY3d 765).

Defendant's challenges to the legal sufficiency of the evidence are not preserved for our review inasmuch as he failed to renew his motion for a trial order of dismissal after presenting evidence (*see People v Lane*, 7 NY3d 888, 889; *People v DeLee*, 79 AD3d 1664; *People v Baker*, 67 AD3d 1446, *lv denied* 14 NY3d 769). Nevertheless, we agree with defendant that the evidence of physical injury is legally insufficient to support his conviction of assault in the second degree, and we therefore exercise our power to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). Although the victim testified that defendant and the codefendants attempted to electrocute him by dousing him with water and then touching the frayed end of an electrical cord to his skin multiple times, the victim further testified that he felt only a "little shock." Thus, as the People correctly concede, they failed to present evidence establishing either physical impairment or substantial pain (*see* Penal Law § 10.00 [9]; *People v Lewis*, 294 AD2d 847). We reject defendant's further contention, however, that the electrical cord did not constitute a " '[d]angerous instrument' " (§ 10.00 [13]). Under the circumstances in which it was used, the electrical cord was "readily capable of causing death or other serious physical injury" (*id.; see generally People v Still*, 26 AD3d 816, 817, *lv denied* 6 NY3d 853; *People v Molnar*, 234 AD2d 988, *lv denied* 89 NY2d 1038; *People v Wade*, 232 AD2d 290, *lv denied* 89 NY2d 989). We therefore modify the judgment by reducing defendant's conviction of assault in the second degree to the lesser included offense of attempted assault in the second degree (§§ 110.00, 120.05 [2]; *see* CPL 470.15 [2] [a]), and we remit the matter to Supreme Court for sentencing on the fourth count of the indictment. Viewing the evidence in light of the elements of the crime of burglary in the first degree as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we reject defendant's contention that the verdict with respect to the counts of the indictment charging that crime is against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495).

Defendant's constitutional challenge to the persistent felony offender statute is not properly before us inasmuch as there is no indication in the record that the Attorney General was given the requisite notice of that challenge (*see* Executive Law § 71 [3]; *People v Schaurer*, 32 AD3d 1241).  In any event, that contention is not preserved for our review (*see People v Perez*, 67 AD3d 1324, 1326, *lv denied* 13 NY3d 941; *People v Phillips*, 56 AD3d 1168, *lv denied* 11 NY3d 928), and it is without merit (*see People v Porto*, 16 NY3d 93, 102; *see generally People v Quinones*, 12 NY3d 116, 122-131, *cert denied* ___ US ___, 130 S Ct 104; *People v Rivera*, 5 NY3d 61, 66-68, *cert denied* 546 US 984).

Entered:  April 1, 2011                                    Patricia L. Morgan
                                                           Clerk of the Court