# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1384**
**KA 12-02110**
PRESENT: SCUDDER, P.J., SMITH, CARNI, LINDLEY, AND SCONIERS, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                     MEMORANDUM AND ORDER

EARNEST HUGHES, DEFENDANT-APPELLANT.

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (SUSAN C. MINISTERO OF COUNSEL), FOR DEFENDANT-APPELLANT.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (NICHOLAS T. TEXIDO OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Erie County Court (Thomas P. Franczyk, J.), rendered October 31, 2012. The judgment convicted defendant, upon a jury verdict, of criminal possession of a weapon in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]). Contrary to defendant's contention, we conclude that County Court properly refused to suppress tangible evidence and identification testimony. Defendant lacked standing to challenge the search of his codefendant's residence or the seizure of tangible evidence therefrom (*see People v Sommerville*, 6 AD3d 1232, 1232, *lv denied* 3 NY3d 648; *People v Christian*, 248 AD2d 960, 960, *lv denied* 91 NY2d 1006). The evidence at the suppression hearing established that the police had reasonable suspicion to detain defendant to conduct the showup identification procedure (*see People v Evans*, 34 AD3d 1301, 1302, *lv denied* 8 NY3d 845). In addition, the procedure was conducted in temporal and geographic proximity to the crime (*see People v Brisco*, 99 NY2d 596, 597), and it was not unduly suggestive, despite the fact that two witnesses viewed defendant at the same time (*see People v Woodard*, 83 AD3d 1440, 1441, *lv denied* 17 NY3d 803; *People v Delarosa*, 28 AD3d 1186, 1187, *lv denied* 7 NY3d 811).

Defendant failed to preserve for our review his contention that the People committed a *Brady* violation by failing to produce the recording of the victim's 911 call prior to the suppression hearing, inasmuch as he failed to move to reopen the suppression hearing when the recording was produced (*see People v Whitted*, 117 AD3d 1179, 1182,

*lv denied* 23 NY3d 1026).  Defendant's contention that the People committed a *Rosario* violation by failing to preserve a police officer's notes is also unpreserved because defendant did not object to the destruction of the notes or seek a sanction (*see People v Rogelio*, 79 NY2d 843, 844; *People v Sanzotta*, 191 AD2d 1032, 1032-1033).  We decline to exercise our power to review those contentions as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]).

The court properly denied defendant's request to instruct the jury with respect to the defense of temporary innocent possession of a firearm.  Even viewing the evidence in the light most favorable to defendant, we conclude that no reasonable view of the evidence supports that defense (*see People v McCoy*, 46 AD3d 1348, 1349-1350, *lv denied* 10 NY3d 813).  The court also properly refused to charge the defense of justification inasmuch as that defense does not apply to criminal possession of a weapon (*see People v Bailey*, 111 AD3d 1310, 1311-1312, *lv denied* 23 NY3d 1018).

The evidence, viewed in the light most favorable to the People (*see People v Contes*, 60 NY2d 620, 621), is legally sufficient to support the conviction.  Viewing the evidence in light of the elements of the crime as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we conclude that the verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495).  Defendant failed to establish that the prosecutor's alleged misconduct "caused such substantial prejudice to [him] that he has been denied due process of law" (*People v Mott*, 94 AD2d 415, 419; *see People v Jacobson*, 60 AD3d 1326, 1328, *lv denied* 12 NY3d 916).  Defendant received the minimum term of incarceration authorized by law for a class C violent felony and, thus, that part of his sentence cannot be considered unduly harsh or severe (*see People v Barlow*, 8 AD3d 1027, 1028, *lv denied* 3 NY3d 657).  To the extent that defendant contends that the period of postrelease supervision is unduly harsh and severe, we decline to exercise our power to modify that part of the sentence as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [b]).

Entered:  January 2, 2015                    Frances E. Cafarell
                                             Clerk of the Court