People v Vaughan (2024 NY Slip Op 06434)

People v Vaughan

2024 NY Slip Op 06434

Decided on December 20, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 20, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., BANNISTER, MONTOUR, DELCONTE, AND HANNAH, JJ.

640 KA 21-00890

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
DWIGHT VAUGHAN, DEFENDANT-APPELLANT. 

ROSENBERG LAW FIRM, BROOKLYN (JONATHAN ROSENBERG OF COUNSEL), FOR DEFENDANT-APPELLANT.
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (BRADLEY W. OASTLER OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Onondaga County Court (Stephen J. Dougherty, J.), rendered June 2, 2021. The judgment convicted defendant upon a jury verdict of manslaughter in the first degree and criminal possession of a weapon in the third degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of manslaughter in the first degree (Penal Law § 125.20 [1]) and criminal possession of a weapon in the third degree (§ 265.02 [1]). The conviction arises from an altercation following a motor vehicle accident. Defendant and the victim were occupants of the respective vehicles that were involved in the accident and, during the ensuing altercation, the victim, who was the driver of one of the vehicles, sustained a fatal stab wound to his chest.
Defendant contends that the verdict is against the weight of the evidence. We reject that contention. Viewing the evidence in light of the elements of the crimes as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we conclude that a different verdict would have been unreasonable and thus that the verdict is not against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]).
We reject defendant's contention that County Court erred in denying his request for a missing witness charge with respect to the passenger in the victim's vehicle. A party requesting a missing witness charge must establish that the uncalled witness is "believed to be knowledgeable about a material issue pending in the case, that such witness can be expected to testify favorably to the opposing party and that such party has failed to call [the witness] to testify" (People v Gonzalez, 68 NY2d 424, 427 [1986]; see People v Savinon, 100 NY2d 192, 196-197 [2003]; People v Macana, 84 NY2d 173, 177 [1994]). Once a defendant seeking such a charge satisfies that initial burden, the burden shifts to the People to account for the witness's absence or otherwise show that a missing witness charge would be inappropriate (see People v Vasquez, 76 NY2d 722, 724 [1990]; Gonzalez, 68 NY2d at 428). Here, we conclude that defendant satisfied his initial burden but that, in response, the People met their burden by establishing that the witness was not available and that his testimony would have been cumulative (see People v Sturgis, 154 AD2d 906, 907 [4th Dept 1989], lv denied 75 NY2d 776 [1989]; see also People v Hernandez, 43 AD3d 1412, 1412-1413 [4th Dept 2007], lv denied 9 NY3d 1034 [2008]; People v Richards, 275 AD2d 886, 887 [4th Dept 2000], lv denied 96 NY2d 738 [2001]). In any event, we further conclude that any error in denying the missing witness charge is harmless. The evidence of defendant's guilt is overwhelming, and there is no significant probability that defendant would have been acquitted of the crimes but for the error (see People v Fields, 76 NY2d 761, 763 [1990]; People v Mabry, 214 AD3d 1300, 1302 [4th Dept 2023], lv denied 40 NY3d 935 [2023], reconsideration denied 40 NY3d 1081 [2023]; cf. [*2]People v Brown, 4 AD3d 790, 791 [4th Dept 2004]).
We reject defendant's contention that the police lacked probable cause to seize his shirt when they noticed him chewing on it during his first police interview and that the court thus erred in refusing to suppress the shirt and the DNA evidence subsequently obtained therefrom. Here, the visual observation of the stains on the shirt by the police "did not constitute an intrusion into a constitutionally protected area" (People v Thomas, 188 AD2d 569, 571 [2d Dept 1992], lv denied 81 NY2d 1021 [1993]; see People v Loomis, 17 AD3d 1019, 1020-1021 [4th Dept 2005], lv denied 5 NY3d 830 [2005]; see also People v Johnson, 133 AD3d 1309, 1310-1311 [4th Dept 2015], lv denied 27 NY3d 1000 [2016]). However, "[w]here, as here, the police did not obtain a warrant for the seizure of the blood evidence, 'the police had to satisfy two requirements in order to justify the action taken. First, the police had to have reasonable cause to believe the [stains] constituted evidence, or tended to demonstrate that an offense had been committed, or, that a particular person participated in the commission of an offense . . . Second, there had to have been an exigent circumstance of sufficient magnitude to justify immediate seizure without resort to a warrant' " (Johnson, 133 AD3d at 1310-1311). We conclude, initially, that the police had reasonable cause to believe that the stains on defendant's shirt constituted evidence. The suppression hearing testimony established that defendant had just been transported from the scene of a stabbing and that, although defendant told police detectives during the interview that a particular stain was not blood, he was then observed on a video feed, after the detectives left the interview room, trying to chew stains out of his shirt. The testimony similarly established, with respect to the exigency of the circumstances, that when the detectives broached the topic of there being a stain on defendant's shirt, he tried to destroy the stain at his earliest opportunity outside of the presence of the police.
Defendant's challenge to the court's procedure in responding to a jury note is not preserved for our review. Here, the record establishes that defendant, who was proceeding pro se, and the prosecutor were present in court at all relevant times, that they knew the contents of the jury note, that they were provided with a copy of the note, and that defendant had no objection or request with respect to the content of the note or the manner in which the court responded to it (see People v Kalb, 91 AD3d 1359, 1359 [4th Dept 2012], lv denied 19 NY3d 963 [2012]). Defendant's " 'silence at a time when any error by the court could have been obviated by timely objection renders the claim unpreserved' " for this Court's review (People v Arnold, 107 AD3d 1526, 1527 [4th Dept 2013], lv denied 22 NY3d 953 [2013], quoting People v Starling, 85 NY2d 509, 516 [1995]; see People v Geroyianis, 96 AD3d 1641, 1643 [4th Dept 2012], lv denied 19 NY3d 996 [2012], reconsideration denied 19 NY3d 1102 [2012]). We decline to exercise our power to review defendant's unpreserved contention as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]).
Defendant's sentence is not unduly harsh or severe.
We have reviewed defendant's remaining contentions and conclude that none warrants modification or reversal of the judgment.
Entered: December 20, 2024
Ann Dillon Flynn
Clerk of the Court